UNITED STATES BANKRUPTCY COURT
FOR
THE DISTRICT OF COLUMBIA

**FILED**
MAR 3 0 2009
Clerk, U.S. District and
Bankruptcy Courts

In re: Ellipso, Inc., No. 09-00148
Chapter 11
Filed: February 25, 2009

**CONTINUING OBJECTION OF CREDITOR ROBERT PATTERSON
TO
APPLICATION OF TIGHE PATTON ARMSTRONG TEASDALE
AS COUNSEL FOR DEBTOR, ELLIPSO, INC.**

COMES NOW CREDITOR, ROBERT PATTERSON, ("Patterson"), the largest listed Creditor herein, and files this Continuing Objection to the Application of Tighe Patton Armstrong Teasdale ("TPAT") as Counsel for Debtor, Ellipso, Inc. ("Ellipso" "Debtor" or "Estate"). TPAT is a fine law firm with excellent and experienced members. This Objection is not filed out of any concerns for their abilities; but is filed because TPAT's long standing representation of both Debtor Ellipso and its principle owner, Chairman of the Board, Chief Executive Officer, President, Corporate Secretary, and Corporate Treasurer, David Castiel ("D.Castiel") presents issues of conflict of interest, impartiality, and liability exposures to the Estate, that are both unnecessary and unacceptable. There are an abundance of accomplished practitioners in this Court who could provide Debtor's representation, absent the issues presented by TPAT's representation of Debtor.

This Creditor's objection to TPAT's representation is based on the obvious conflicts of interest presented by the fact that the Debtor's interests and those of D.Castiel are adverse in numerous specific instances, and generally. TPAT's Reply to this Creditor's Objection seems to acknowledge that such a conflict should disqualify TPAT from Debtor's representation, but asserts (incorrectly) that no such conflict exists. TPAT's Reply is addressed below. However, before addressing the conflicts issue, several recent

1

filings raise questions concerning TPAT's financial dealings with Debtor - issues which need clarification.

The Application of TPAT states that Debtor paid TPAT a fifty thousand dollar ($50,000.00) retainer POST petition. This POST petition payment was made without the knowledge or approval of this Court. The reason for this POST petition payment to TPAT is explained in a filing which TPAT made in the AAA Arbitration preceding with Creditor, The Registry Solutions Company, ("TRSC"), which was the subject of a lift stay hearing in this Court on March 12, 2009. In a March 20, 2009, motion requesting an extension of time within which to file post hearing briefs in the Arbitration, Neal Goldfarb, Esq., on behalf of Debtor Ellipso states,

> On February 25, shortly after the [arbitration] hearing in this case was completed Ellipso filed for bankruptcy under Chapter 11. This filing was precipitated by the efforts of John Mann and Mann Tech to enforce the judgment they had obtained in federal district court in *Ellipso v. Mann.* Specifically, on February 23, Mann and Mann Tech had obtained the issuance of 38 writs of attachment, **one of which was directed to the institution at which all of Ellipso's liquid and (semi-liquid) assets were maintained. By filing a bankruptcy petition, Ellipso was able to keep control of the funds that it needed to pay its legal fees.** (Motion, p. 1-2) [1]

The Amended Rule 2016(B) Statement, dated March 16, 2009, executed by Kermit Rosenberg, Esq., on behalf of TPAT states,

> **After the petition was filed, TPAT received an advance retainer of $50,000.00 from the debtor,** of which it remitted $5,000.00 to the debtor-in-possession bank account opened by the debtor to use to pay its administrative expenses. TPAT ... continues to hold $45,000.00 in its firm trust account.... (Statement, p. 1-2).

---

[1] Curiously, despite this statement, in a subsequent telephone conference concerning the motion for extension, Mr. Goldfarb insisted that the fifty thousand dollar ($50,000.00) retainer had been received by TPAT PRE-PETITION, even getting into a shouting match with Mr. Mann on the issue.

It appears that TPAT had to return the five thousand dollars ($5,000.00) to Debtor to enable Debtor to open the DIP account, as "all of Ellipso's liquid (and semi-liquid) assets" were being held pursuant to the writs of attachment issued by the United States District Court. It also appears that sometime thereafter the financial institution [from Debtor's Scheduls we now know that is TD Ameritrade] holding all of Debtor's assets was persuaded to release those funds to Debtor and TPAT.

In the Reply to this Creditor's Objection to TPAT's appointment as counsel for Debtor, Mr. Rosenberg informs, (for the first time), on March 27, 2009, that,

> The Debtor paid $5,000 to TPAT for legal services from February 1 through February 25 in connection with the case and arbitration involving Mann Tech, Inc., John Mann, and The Registry Solutions Company in the United States District Court for the District of Columbia and not in connection with this bankruptcy case.

The date of this payment of five thousand dollars ($5,000.00) to TPAT by Debtor is not stated, but is presumably after February 25, 2009, the date of the filing of the instant Petition. That this payment was made after the filing of the bankruptcy petition is confirmed by Debtor's Statement of Financial Affairs, Section 3.b Payments to Creditors made within ninety (90) days prior to the filing of the Petition, which lists payments to attorney Vanessa Lourie, to Ellipso's Vice President, John Page, and to David Castiel – but none to TPAT. (Debtor's Schedules, p. 31). This appears to this Creditor to raise a question of when this payment was made and whether it is a preference payment of a pre petition debt to TPAT[2].

---

[2] It is doubly curious because it exactly matches the five thousand dollar ($5,000.00) advance which TPAT made to Debtor to open the DIP account; and for a firm that bills

3

TPAT's POST Petition financial transactions with Debtor need to be clarified.

Even if the financial dealings between Debtor and TPAT can be satisfactorily resolved, the clear conflict between Debtor's interests and D.Castiel's interests should disqualify TPAT from representation of either in this matter.

TPAT seems to concede in its Reply to this Creditor's Objection, that a conflict of interest would be presented if TPAT had represented D.Castiel personally. The Reply states, "TPAT does not represent, and has not at any time represented, David Castiel in any personal capacity. ....In the matter [referred to by Mr. Patterson] Mr. Castiel was sued individually ... in his capacity as an officer and director of the Debtor." (Reply, p. 1). The Reply is wrong in two respects. First, TPAT has, and does now (see below), represent D.Castiel individually. Second, it asserts a distinction without a difference.

In the matter referred to in the Objection, D.Castiel was sued individually, in addition to being sued as an officer and director of Ellipso. The Settlement Agreement is executed by David Castiel personally, and by David Castiel as an officer and director of Ellipso. The document speaks for itself. TPAT did represent D.Castiel personally in that matter. The fact that the company may have paid the legal costs does not change the fact that TPAT represented D.Castiel individually.

Moreover, it is a distinction without a difference. Even if TPAT had only represented D.Castiel as an officer and director of Ellipso, the conflict presented here is caused by the CURRENT CONFLICT between the interests of Debtor Ellipso and those of D.Castiel.

---

on an incremental time basis plus expenses, the services and expenses for this work came to five thousand dollars ($5,000.00) even.

4

This current conflict between D.Castiel and the Estate is both immediate and pervasive. This conflict is presented in at least the following situations:

1. It appears that D.Castiel has removed approximately four million dollars ($4,000,000.00) in assets from be Estate in the past four years, principally by making cash transfers to himself. A major obligation of Debtor's counsel is to recover these assets for the Estate. Due to its prior representations of D.Castiel, TPAT is simply conflicted from pursuing these interests of the Debtor.

2. In the AAA Arbitration Proceeding with TRSC, TRSC is seeking to have D.Castiel held personally liable for stealing revenues to which TRSC is entitled. TRSC also seeks to have Debtor held liable for these same damages. Having served as D.Castiel's attorney, TPAT is conflicted from asserting Debtor's interests in holding D.Castiel personally liable to TRSC.

3. The United States District Court case, *Ellipso, Inc. v. John Mann, et al.*, presents the same conflict for TPAT. There, MannTechnologies, LLC, John Mann, and this Creditor seek to have D.Castiel held personally liable for bringing and prosecuting the case "in bad faith" as found by Chief Judge Royce C. Lamberth. As D.Castiel's prior attorney, TPAT cannot now urge the Court to enter judgment against their client (even if only a former client, but see below).

4. Moreover, D.Castiel has, and is, asserting (as stated by his counsel, David Wachtel, Esq. at the lift stay hearing) that Debtor Ellipso owes him indemnification for D.Castiel's bad faith actions. How does TPAT decide between the interests of its two clients – Debtor Ellipso and David Castiel. TPAT cannot serve two masters.

5. By his bad faith actions, D.Castiel has caused Debtor Ellipso to be held liable for more than three hundred thousand dollars ($300,000.00) in sanctions. Counsel for Debtor must be free to seek to recover these moneys from D.Castiel. In fact, Debtor's counsel must be free to seek to recover the more than three hundred fifty thousand dollars ($350,000.00) in legal fees and expenses which D.Castiel has caused Debtor to incur in pursuit of these bad faith litigations. TPAT is unfortunately conflicted from such representation.

6. TPAT informs (March 27, 2009, Reply) that it represents Debtor's wholly owned subsidiary, Virtual Geosatellite, LLC, in an "unrelated" matter. However, in that "unrelated" matter, D.Castiel was named personally as a Defendant. While, D.Castiel has been dismissed as a party, the case is ongoing, and it is certainly possible that the claims against D.Castiel personally could be reinstated. TPAT currently represents David Castiel, at least until that "unrelated" proceeding is concluded.

7. It is now learned from the March 27, 2009, Reply, that from February 1 through February 25 (the Petition date), TPAT REPRESENTED both Ellipso and DAVID CASTIEL PERSONALLY in the United States District Court case and attendant Arbitration Case, in which claims against D.Castiel personally were being pressed. TPAT cannot deny that it represented D.Castiel personally as of the date of the filing of the Petition, and it appears will so represent D.Castiel until such time as that representation is terminated.

Perhaps the most damaging considerations caused by TPAT's representation of Debtor are the liabilities it creates for the Estate. Should TPAT undertake any actions

6

that are adverse to D.Castiel, it creates a cause of action against TPAT and the Estate from D.Castiel, who, if nothing else, is litigious. It creates a complete "Catch 22". To the extent TPAT were successful in extracting funds from D.Castiel, it would create an equal claim against itself and the Estate. There is no reason for the Estate to be so exposed.

WHEREFORE, Creditor Robert Patterson, asks that the Application of Tighe Patton Armstrong Teasdale to serve as counsel to Debtor Ellipso, Inc. be DENIED.

Respectfully submitted,

Robert Patterson, Creditor, *pro se*
P.O. 3106
Reston, VA 20190
(202) 412-2404

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2009, true copies of the foregoing Opposition were served upon the following by first class mail, postage prepaid:

Kermit A. Rosenberg, Esquire
Tighe Patton Armstrong Teasdale, PLLC
1747 Pennsylvania Avenue, N.W.
Suite 300
Washington, DC 20006-4604
*Attorney for Debtor Ellipso, Inc.*

Neal Goldfarb, No. 337881
Tighe Patton Armstrong Teasdale, PLLC
1747 Pennsylvania Ave., N.W., Suite 300
Washington, D.C. 20006
(202) 293-8756
ngoldfarb@tighepatton.com
*Attorney for Debtor Ellipso, Inc.*

Martha L. Davis, Esquire
Office of the United States Trustee
115 S. Union Street, Room 210
Alexandria, VA 22314

Kenneth H. Rosenau, Esq.
Rosenau & Rosenau
1304 Rhode Island Avenue, N.W.
Washington, D.C. 20005
*Attorney for Creditors John B. Mann, The Registry Solutions Company, Mann Technologies, LLC*

David Wachtel, Esq.
Balabei and Wachtel
1775 T ST NW,
Washington, DC 20009-7124
wachtel@bernabeipllc.com
*Attorney for David Castiel*

Robert Patterson, Creditor, *pro se*
P.O. 3106
Reston, VA 20190
(202) 412-2404

8