UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re:                                   )
                                         )     Case No. 09-00148
    ELLIPSO, INC.,                    )     (Chapter 11)
                                         )
        Debtor.                       )
_____  )

**DEBTOR'S FIRST AMENEDED PLAN OF REORGANIZATION**

The Debtor, ELLIPSO, INC., a Delaware corporation, proposes the following First Amended Plan of Reorganization (under Chapter 11 of the United States Bankruptcy Code pursuant to 11 U.S.C. § 1127(a).

## ARTICLE I

## DEFINITIONS

Unless the context otherwise requires, the following terms shall have the following meanings when used in this First Amended Plan of Reorganization, which meanings shall be equally applicable to both the singular and plural forms of such terms. Any term in this First Amended Plan of Reorganization that is not defined herein that is used in the Bankruptcy Code shall have the meaning assigned to such term in that the Bankruptcy Code.

**Allowed Administrative Expense(s)** means all administrative expense(s) allowed under Sections 503(b) and 507(a)(1) of the Code.

**Allowed Claim(s)** means a Claim against the Debtor, to the extent that:
(A) a proof of Claim was filed or deemed to be filed with the Court on or before the Bar Date in accordance with the Bankruptcy Rules, provided that a timely proof of claim filed in accordance with the Bankruptcy Rules shall supersede any scheduling of such Claim

pursuant to Section 521 of the Bankruptcy Code; and (i) no objection to such Claim was filed within thirty (30) days after the Effective Date or such later date as the Court allows or this Plan provides with respect to a particular Claim; or (ii) the Claim is allowed by a Final Order; or (B) such Claim is listed in the Debtor's schedules as undisputed, noncontingent, and liquidated.

**Allowed Interest(s)** means the Interests of the Equity Security Holders, as allowed under Section 502 of the Code.

**Allowed Priority Claim(s)** means any Allowed Claim entitled to priority of payment under Sections 507(a)(2) through 507(a)(7) of the Code.

**Allowed Unsecured Claim(s)** means an Allowed Claim against the Debtor that is not an Allowed Administrative Claim or an Allowed Priority Claim. An Allowed Unsecured Claim shall not include interest accruing on or after the Petition Date or costs of collection.

**Bankruptcy Code** means the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq., and any amendments that may be applicable to this case.

**Bar Date** means July 13, 2009, the final date for filing Proofs of Claim or Interest herein that was set by Order of the Court pursuant to the provisions of Bankruptcy Rule 3003(c)(3), or, in the case of a governmental entity, August 24, 2009.

**Chapter 7** means Chapter 7 of the Code.

**Chapter 11** means Chapter 11 of the Code.

**Claim(s)** means any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment against the Debtor, or property of the Debtor, in existence on, or as of the Petition Date, whether or not such

right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**Claimant** means a person holding a Claim against the Debtor.

**Class(es)** means any class into which Allowed Claims or Allowed Interests are classified pursuant to Article II hereof.

**<u>Class 1 Claims, Class 2 Claims, Class 3 Claims, and Class 4 Interests</u>** means Allowed Claims and Allowed Interests so classified in Article II hereof.

**Code** means the Bankruptcy Code, 11 U.S.C. Sections 101, *et seq.*, and any amendments thereof.

**Confirmation or Confirmation of the Plan** means the entry by the Court of an order confirming the Plan at or after a hearing pursuant to Section 1129 of the Bankruptcy Code.

**Confirmation Date** means the date upon which the Court enters the Order of Confirmation.

**Court** means (a) the United States Bankruptcy Court for the District of Columbia, (b) any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom, or (c) any successor thereof that may be established by an Act of Congress relating to bankruptcy or the United States District Court for the District of Columbia, to the extent that the United States District Court for the District of Columbia may lawfully exercise subject matter jurisdiction over this Reorganization Case.

**Creditor** means any entity having a Claim against the Debtor or property of the Debtor, as "creditor" is defined in Section 101(9)(A) or (B) of the Bankruptcy Code.

**Debtor** means Ellipso, Inc., a Delaware corporation.

**Disclosure Statement** means that certain First Amended Disclosure Statement dated August 28 2009, filed by the Debtor.

**Effective Date** means the later of (a) the eleventh (11th) business day following the date of entry of the Order of Confirmation; or (b) if an appeal is filed, the fifth day after such appeal is finally resolved and no further appeal or certiorari proceeding is pending; provided, however, notwithstanding anything in this Section to the contrary, the Debtor may choose an earlier date to be the Effective Date. If the Effective Date falls on a Saturday, Sunday, or legal holiday, the Effective Date shall mean the first business day thereafter.

**Estate** means the estate created in this bankruptcy reorganization case pursuant to Section 541 of the Bankruptcy Code.

**Executory Contracts** means all contracts to which the Debtor is a party and which are executory within the meaning of Section 365 of the Code, including unexpired leases.

**Filed** means filed with the Court or, in the case of a Proof of Claim or Proof of Interest, deemed filed pursuant to Section 1111(a) of the Bankruptcy Code.

**Filing Date** means February 25, 2009, the date on which the voluntary Chapter 11 petition of Ellipso, Inc. was filed with the Court, also defined as the Petition Date.

**Final Order** means an order of the Court or any other court that may have jurisdiction over these proceedings as to which a motion for stay or reconsideration or an appeal that has been taken has been resolved and as to which the time to move for a stay or for reconsideration and to appeal has expired.

**Interest(s)** means the ownership interest(s) of a stockholder of the Debtor.

**New Value** means the $600,000.00 cash investment in the Reorganized Debtor by the Purchaser on the Effective Date.

**Order of Confirmation** means the order entered by the Court confirming this Plan in accordance with the provisions of Chapter 11.

**Person** means an individual, corporation, partnership, limited liability company, joint venture, trust, estate, unincorporated organization, or a government or any agency or political subdivision thereof.

**Petition Date** means February 25, 2009, the date on which the voluntary Chapter 11 petition was filed with the Court, also defined as the Filing Date.

**Plan** means this First Amended Plan of Reorganization, and any subsequent amendments hereto made in accordance with the Code.

**Plan Agent** means Stephen A. Wexler of Marcher Consultants, Inc.

**Purchaser** means David Castiel and/or his assigns.

**Professional(s)** means all attorneys, accountants, appraisers, consultants, and other professionals retained under an Order of the Court on behalf of the Debtor or any committee appointed pursuant to 11 U.S.C. § 1102.

**Proponent** means the Debtor.

**Reorganized Debtor** means the reconstituted Debtor under this Plan.

**Rule(s)** means the Federal Rules of Bankruptcy Procedure, as amended and supplemented by the Local Bankruptcy Rules adopted by the Court.

**Unsecured Claim** means any Claim, including unliquidated and contingent Claims other than Claims arising under Section 507 of the Code.

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

Claims against the Debtor are divided into the following classes:

<u>Class 1.</u>     Allowed Unsecured priority Wage Claims.

<u>Class 2.</u>     Allowed Unsecured priority Tax Claims.

<u>Class 3.</u>     Allowed Unsecured nonpriority Claims.

<u>Class 4.</u>     Interests of Equity Security Holders.

## ARTICLE III

## TREATMENT OF CLAIMS AND ADMINISTRATIVE EXPENSES

The Plan provides for treatment of each Class as follows:

1. **Class 1.     Allowed Unsecured Wage Claims**. Class 1 consists of Allowed Unsecured priority Wage Claims. The holders of Allowed Wage Claims will be paid in full within 30 days after the Effective Date. The Class 1 Claims are not impaired.

2. **Class 2.     Allowed Unsecured Tax Claims**. Class 2 consists of Allowed Unsecured priority Tax Claims. The holders of Allowed Tax Claims will be paid in full within 30 days after the Effective Date. The Class 2 Claims are not impaired.

3. **Class 3:     Allowed Unsecured Nonpriority Claims.** The Class 3 Claims consist of the Allowed Unsecured nonpriority Claims. There are scheduled Class 3 Claims totaling $23,883,215.45 that may be allowed. Holders of Allowed Class 3 Claims will receive pro rata distributions of approximately $300,000.00 within 90 days after the Effective Date.

4.     **Class 4:         Interests of Equity Security Holders.**  Class 4 consists of the Equity Interests of the members of the Debtor. All Equity Interests will be cancelled on the Effective Date. The holders of member interests in Ellipso shall not receive any money or property under the Plan on account of such interests. The Class 4 Interests are impaired. Holders of Class 4 Interests are deemed not to have accepted the Plan.

5.     **Allowed Administrative Claims.**

Allowed Administrative Claims consist of any cost or expense of the Chapter 11 case allowed under Section 503(b) of the Bankruptcy Code, including certain taxes and all actual, necessary expenses relating to the preservation of 's Ellipso's estate or the operation of the business. Awards of compensation to professionals, such as attorneys, financial consultants, and accountants hired by the Debtor for services rendered or expenses incurred after the Petition Date are also regarded as Administrative Claims. Payments to such professionals for compensation and reimbursement of expenses will be made in accordance with detailed procedures established by the Bankruptcy Code and Rules relating to such payments. The Bankruptcy Court, on hearing after notice, will review all requests for compensation and reimbursement of expenses incurred through the Confirmation Date. Allowed Administrative Claims will be paid in full in cash on the Effective Date if not previously paid pursuant to appropriate orders entered by the Court.

Allowed Administrative Claims will be paid in full in cash on the Effective Date if not previously paid pursuant to appropriate orders entered by the Court.

6. **Unclaimed Distributions.**

The Debtor shall compile a list of unclaimed distribution holders, if any, on the first anniversary of the Effective Date and shall use reasonable efforts to ascertain correct mailing information for and contact such holders during the first year after the Effective Date. Any distributions then unclaimed will be distributed pro rata among the holders of Allowed Class 3 Claims.

## ARTICLE IV

## IMPLEMENTATION AND EXECUTION OF PLAN

1. **Implementation of the Plan.** The Plan will be implemented by payments from New Value investment funds in the amount of $600,000.00 deposited by the Purchaser in escrow with Butzel Long Tighe Patton, PLLC as escrow agent. The escrow agreement contemplates the following distributions from the escrowed funds:

a. The escrowed funds shall be initially utilized for the payment of Allowed Administrative Expenses, Class 1 Allowed Unsecured priority Wage Claims, and Class 2 Allowed Unsecured priority Wage Claims. $150,000.00 will be reserved for post-Confirmation professional fees and expenses.

b. As of the Effective Date, Stephen A. Wexler of Marcher Consultants, Inc. shall be employed as Plan Agent for the Reorganized Debtor, to investigate and prosecute any and all claims, including but not limited to avoidance of transfers under Chapter 5 of the Bankruptcy Code, that the Reorganized Debtor may have

8

against insiders, and to object to claims filed by insiders, if appropriate, with the proceeds of such claims to be distributed pro rata among the holders of allowed Class 3 Claims. Mr. Wexler will be compensated at $250/hour and may select and employ experienced bankruptcy professionals, including attorneys and accountants, to carry out his duties. The Escrow Agent shall reserve $75,000 for the Plan Agent's fees and expenses, including professionals. The Plan Agent and his professionals shall send monthly invoices to the Escrow Agent for payment within 15 days. Upon completion of his investigation and all resulting litigation against insiders, the Plan Agent shall remit all funds recovered, if any, to the Escrow Agent for disbursement pro rata among the holders of Allowed Class 3 Claims.

    c.    Within ninety (90) days after the Effective Date, with appropriate reserves for final adjudication and/or settlement of disputed, unliquidated and/or contingent claims, the balance of the escrowed funds will be distributed pro rata among the Holders of Allowed Class 3 Claims.

    c.    In the event there are any reserved funds remaining in the escrow account after payment of such disputed, unliquidated and/or contingent claims as allowed by the Court and post-Confirmation fees and expenses, such funds shall be distributed pro rata among the Holders of Allowed Class 3 Claims.

    **2**.    **<u>Executory Contracts and Unexpired Leases</u>**. The Call Termination Agreement between the Debtor and Verizon International will be assumed on the Effective Date. Unless a motion to assume is filed by Ellipso prior to the Confirmation Date, all other Executory Contracts and Unexpired Leases not previously assumed or rejected by order of this Court shall be rejected, and any claim shall be filed within thirty

(30) days after the Confirmation Date or shall forever be barred. Any claim for damages resulting from the rejection of an Executory Contract shall be treated as a Class 3 Claim under the Plan.

**3.    Member Interests in Reorganized Debtor.**    On the Effective Date, all outstanding securities in Ellipso shall be cancelled, and the Reorganized Debtor shall amend its charter to authorize and issue 20,000,000 shares to Purchaser in exchange for the New Value investment.

.    **4.    Amendments and Modifications.** The Debtor reserves the right in accordance with the Code to amend and modify this Plan and the Disclosure Statement prior to the Confirmation Date. After the Confirmation the Debtor may, upon order of the Court, in accordance with Section 1127(b) of the Code, remedy any defects, or omissions or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purposes and intent of the Plan.

**5.    Conveyance of Assets**.    Except as stated below, all assets of The Debtor and the Estate in existence as of the Effective Date shall vest on the Effective Date in the Reorganized Debtor free and clear of all liens, encumbrances, and interests. The term "all assets of the Debtor and the Estate in existence as of the Effective Date" shall be deemed to include all claims or causes of action the Debtor or the Estate may have against any person or entity, including, but not limited to, those arising under the Code.

**6.    Discharge of Debtor.**    Except as provided in the order confirming the Plan, Confirmation of the Plan discharges Ellipso from any debt that arose before the date of confirmation, and any debt of a kind specified in Section 503(g), (h), or (i) of the

Code, whether or not a proof of claim is filed or deemed filed, such claim is allowed under Section 502 of the Code, or the holder of such claim has accepted the Plan.

  **7.** **Objections to Claims.**  Except as hereinafter provided, any objection to the allowance of a Claim not filed in accordance with the procedure set forth in the Code within ninety (90) days after the Effective Date shall be deemed waived, and the Claim shall be allowed in the amount set forth on the proof of claim filed by the holder of such Claim, or, if no proof of claim is filed and such Claim is not listed in the Debtor's schedules as contingent, disputed, or unliquidated, the Claim shall be allowed in the amount listed in such schedules, as amended.

  **8.** **Post-Confirmation Employment of Insiders.** Ellipso may employ David Castiel as an officer and director after Confirmation at compensation levels to be determined with the Reorganized Debtor.

### ARTICLE V

### RETENTION OF JURISDICTION

  The Court shall retain jurisdiction for the following purposes until such time as The Debtor's obligations under the Plan are fully discharged and the Court enters a final order terminating this Reorganization Case:

  (a) Classification of a Claim and the reexamination of a Claim that may have been allowed for the purposes of voting and the determination of such objections as may be filed to Claims. The failure by the Debtor to object to, or to examine any Claims for the purpose of voting, shall not be deemed to be a waiver of the Debtor's right to object to or reexamine the Claims in whole or in part.

(b) Determination of all disputes regarding title to the assets of the Debtor, and the determination of all causes of action, preferences, controversies, disputes or conflicts, whether or not subject to action pending as of the Confirmation Date, between the Debtor and any other party.

(c) Determination of the validity, extent, enforceability or perfection of any claim of lien or other claim of security interest in or to the property of the Debtor.

(d) Correction of any defect, curing of any omissions or the reconciliation of any inconsistency in the Plan, or in the Order of Confirmation, as may be necessary to carry out the purposes and intent of the Plan.

(e) Enforcement and interpretation of the terms and conditions of the Plan.

(f) Entry of an order, including injunctive relief necessary to enforce the rights, title, interests and powers of the Debtor and imposition of such limitations to, restrictions on the terms and conditions of such rights, title, interests, and powers as the Court may deem necessary.

(g) Entry of an order closing this Reorganization Case.

(h) Such other purposes as the Court deems necessary and reasonable to carry out the intent and purposes of the Plan.

Date: August 28, 2009                               Respectfully submitted,

/s/ Kermit A. Rosenberg
Kermit A. Rosenberg (D.C. Bar No. 219089)
Neal Goldfarb (D.C. Bar No. 337881)
Butzel Long Tighe Patton, PLLC
1747 Pennsylvania Avenue, N.W, Suite 300
Washington, D.C. 20006-4604
Telephone: 202.454.2800
Facsimile:  202.454.2805

*Attorneys for Debtor*