UNITED STATES BANKRUPTCY COURT
FOR
THE DISTRICT OF COLUMBIA

**FILED**
AUG 28 2009
Clerk, U.S. District and
Bankruptcy Courts

In re: Ellipso, Inc.           )
Chapter 11                     )   No. 09-00148
Filed: February 25, 2009       )
                               )
_____)

### RESPONSE OF JOHN MANN
### TO
### DEBTOR'S OBJECTION TO JOHN MANN'S CLAIM (No. 7)

COMES NOW, CREDITOR John Mann ("Mann") and files this Response to the Debtor's Objection to its Claim No. 7 (Docket Entry 174). This Claim is based on damages suffered by Mann from the illegal and illicit actions of Debtor and its CEO (principal shareholder, president, secretary, treasurer and sole officer) David Castiel ("D.Castiel"), who engaged in a smear campaign of harassment, slander, libel, abuse of process, malicious prosecution, conspiracy, fraud, theft, and disparagement against Mann for the purpose of destroying Mann's businesses and livelihood and forcing Mann to relinquish his legal rights.

1. Commencing in 2003, Debtor, Ellipso, Inc., ("Ellipso") and D.Castiel engaged in a conspiracy to divest Mann of its legal rights through a campaign of deceit, fraud, and theft. The acts committed in furtherance of this conspiracy included:

   A. Fraudulently entering into contracts with MannTech. [The United States District Court Opinion so finding is attached.]

   B. Theft of revenues belonging to MannTech's sister company, The Registry Solutions Company, ("TRSC"). [The AAA Arbitration Award so finding is attached.]

C. Filing and prosecuting bad faith law suits against MannTech and its principals, John Mann and Robert Patterson. [The United States District Court Opinion so finding is attached.]

D. Falsifying and concealing evidence. [The USDC Opinion so finding is attached.]

E. Causing false pleadings to be filed in the United States District Court, and the United States Court of Appeals. [The USDC Opinion so finding is attached.]

F. Knowingly filing false Schedules in this bankruptcy proceeding including five Schedule F's, the Statement of Financial Affairs, and a proposed Disclosure Statement.

G. Making slanderous statements about Mann to numerous individuals and business associates. [The exact nature of the statements and the individuals to whom they were made are within the peculiar knowledge of Ellipso and D.Castiel, and will be the subject of discovery.]

H. Making libelous statements about Mann on numerous occasions to various individuals. [The exact nature of the statements and the circumstances and occasions on which they were made are peculiarly within the knowledge of Ellipso and D.Castiel, and will be the subject of discovery.]

I. Removing in excess of two million dollars ($2,000,000.00) from Debtor, Ellipso, Inc., during a time when Ellipso was insolvent, for the purpose of hindering and delaying payment to Ellipso's creditors and to those it knew had legitimate claims.

J. Conspiring with attorney Linda Awkard, and the law firm of Awkard and Associates, Chartered, to conceal evidence and to file false pleadings in the United States District Court, the United States Court of Appeals, and before the American Arbitration Association.

K. Conspiring with now-disbarred attorney Mark Guberman, and the law firm of Leftwich and Ludaway, to conceal evidence and to file false pleadings in the United States District Court and the United States Court of Appeals.

L. Conspiring with attorney Matthew Goodman, and the law firm of Leftwich and Ludaway, to conceal evidence and to file false pleadings in the United States District Court and the United States Court of Appeals.

M. Conspiring with attorney Natalie Ludaway, and the law firm of Leftwich and Ludaway, to conceal evidence and to file false pleadings in the United States District Court and the United States Court of Appeals.

N. Conspiring with Cameran Castiel to receive, conceal and disburse funds properly belonging to Debtor, Ellipso, Inc.

O. Presenting, or causing to be presented, false insider claims in this bankruptcy preceding, including those of D.Castiel.

P. Utilizing various subsidiary companies to divest Ellipso's assets to avoid paying Ellipso's creditors.

Q. Unlawfully refusing to provide creditors with Debtor's financial information.

2. These acts, individually and collectively, constitute causes of action against Debtor, Ellipso, Inc., including malicious prosecution, abuse of process, conspiracy, slander,

liable, racketeering, theft, fraud, bribery, and other causes of action that may be revealed through discovery or trial.

3. As a consequence of these actions by Ellipso, Inc., Mann has been damaged in an amount exceeding one million dollars ($1,000,000.00)

4. These acts were knowing, vicious, vexatious, mean, without any redeeming qualities, immoral, in gross violation of Mann legal rights and are deserving of punitive damages in an amount exceeding three million dollars ($3,000,000.00).

5. These claims are for fraud and other actionable torts which are not dischargeable in bankruptcy. [A separate action will be brought to determine the dischargeability of these claims.]

Wherefore, Mann moves this Honorable Court to grant its claim in the amount of four million dollars ($4,000,000.00) or such other amount a may be proved at trial.

Respectfully submitted,

John B. Mann, *pro se*
9330 Harts Mill Rd
Warrenton, VA 20186
(540) 974-3725

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2009, true copies of the foregoing Response were served upon the following by first class mail, postage prepaid:

Kermit A. Rosenberg, Esquire
Butzel Long Tighe Patton, PLLC
1747 Pennsylvania Avenue, N.W.
Suite 300
Washington, DC 20006-4604
*Attorney for Debtor Ellipso, Inc.*

Martha L. Davis, Esquire
Office of the United States Trustee
115 S. Union Street, Room 210
Alexandria, VA 22314

John B. Mann