UNITED STATES BANKRUPTCY COURT
FOR
THE DISTRICT OF COLUMBIA

In re: Ellipso, Inc.
Chapter 11
Filed: February 25, 2009

No. 09-00148

**FILED**

AUG 28 2009

Clerk, U.S. District and
Bankruptcy Courts

RESPONSE OF JOHN MANN
TO DEBTOR'S OBJECTION TO JOHN MANN'S PROOF OF CLAIM
(No. 8)

John Mann ("Mann"), files this Response to the Debtor's Objection, (Docket No. 177), to his Proof of Claim (Claim No. 8). Mann states as follows:

1. The claim is based on final judgments of the United States District Court entered January 29, 2009, and May 14, 2009, in *Ellipso, Inc. v. John Mann, et al.*, No. 05-01186, *RCL*. A copy of those Opinions and Orders are attached and incorporated by reference.

2. The judgments are final. No appeal has been taken from these Orders; and since the time for filing a notice of appeal lapsed as of June 14, 2009, the judgments are final and non appealable. The thirty day limit for appeal is statutory, and cannot be enlarged or waived by any court.

3. The January 29, 2009, final judgment finds, *inter alia.*, that Ellipso, Inc. and David Castiel brought and prosecuted the referenced law suit "in bad faith". As Ellipso, Inc.'s and David Castiel's bad faith is now established as a matter of law, and is the law of the case, Debtor's assertions that an appeal from other adverse rulings by the United States District Court dismissing their claims has any merit, is gossamer. The "bad faith" ruling subsumes all other issues that Debtor might raise on appeal. Thus Debtor's assertion,

(Objection, p. 1, ¶ No. 2) that Mann's Claim is subject to set off against the claims asserted by Ellipso in *Ellipso, Inc. v. John Mann, et al*, fails. It is logically impossible for the court of appeals to reverse the decisions of the trial court denying Ellipso's claims, without reversing the January 29, 2009, bad faith judgment, which is now final and non appealable. A copy of the Decision and Order of the United States District Court dismissing all of Ellipso's claims with prejudice is attached and incorporated by reference.

4. Moreover, the Objection states no basis for the assertion that the trial court erred. In fact the Objection concedes that David Castiel knew of Patterson's interest in MannTech when he affirmed the agreement with MannTech on August 2, 2004 [see, Objection, p. 2, ¶ 5, where the claim that "Ellipso did not know that Robert Patterson was a co-owner of Mann Tech until after … August 2004." is specifically excluded from any appeal.] Absent this false claim, Ellipso has no basis for any appeal of the trial court's dismissal of its claims as all its claims (fraud, breach of contract, R.I.C.O., conspiracy, breach of fiduciary duty, repleven, conversion, etc.) rest on this false allegation. No reversal on appeal is possible, and no set off is possible.

5. Contrary to the assertion in the Objection that, "the judgment that is referred to in the Claim was not entered in favor of Mann" (Objection, p. 1, ¶ 1), the Opinion of Order is in favor of the "Mann Defendants", which is defined in the Opinion to be John Mann and MannTechnologies, LLC.

6. The Objection does correctly note that the judgment is jointly in favor of Mann and MannTechnologies, LLC. To that extent the claim is duplicative of the MannTechnologies, LLC. Claim (9), and should be allocated between them.

WHEREFORE, Debtor's Objection to John Mann's Proof of Claim (No. 8), should be denied, and the Claim allowed.

Respectfully submitted,

John B. Mann
9330 Harts Mill Road
Warrenton, VA 20186
(540) 974-3725

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2009, true copies of the foregoing Response were served upon the following by first class mail, postage prepaid:

Kermit A. Rosenberg, Esquire
Butzel Long Tighe Patton, PLLC
1747 Pennsylvania Avenue, N.W.
Suite 300
Washington, DC 20006-4604
*Attorney for Debtor Ellipso, Inc.*

Martha L. Davis, Esquire
Office of the United States Trustee
115 S. Union Street, Room 210
Alexandria, VA 22314

John B. Mann