**The order below is signed.  The October 5, 2009, deadline to amend disclosure statements was agreed to in open court, and I recognize that this order is coming too late for the parties to react to it in amending their disclosure statements, but I thought that the parties should be aware of the court's sense of what is needed in this case in order fairly to evaluate the competing plans.  Dated: October 5, 2009.**



**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
             UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA


In re                         )
                              )
ELLIPSO, INC.,                )   Case No. 09-00148
                              )   (Chapter 11)
              Debtor.         )
```

ORDER TO FILE AMENDED PLANS

In a hearing on disclosure statements before this court on September 24, 2009, I directed the debtor, in amending its disclosure statement, to make such information available as the debtor, in its reasonable discretion, thought creditors would need in order to make an informed decision.  This order serves to memorialize and clarify my ruling from the bench.

In voting for confirmation of any plan, a creditor must choose not only between the plan, but also between the alternative of liquidation of the company under chapter 7.  In evaluating between the option of liquidation and reorganization, a creditor needs to have a full picture of the financial status of the company in the months leading up to bankruptcy.  This financial information allows voting creditors to determine what potential there is for a chapter 7 trustee to recover certain

transfers as avoidable under the code. Without this information it would be difficult for creditors to evaluate the benefits of the plan over liquidation and for this court to approve the disclosure statement.

Likewise, the debtor's plan requires extensive disclosure to ensure an effective bidding process. In order to attract informed and active bidders, the debtor needs to open its books. Without this information, potential bidders are unable to evaluate the risk of the investment, leading to a decrease in bid prices to the detriment of the unsecured creditors.

Finally, for creditors to evaluate the Mann plan vis-a-vis the debtor's plan and the liquidation option they require financial disclosure. While the debtor's plan proposes a cash payout at confirmation, the Mann plan proposes to issue redeemable warrants. These warrants have the effect of tying the creditors' fortunes to the fortunes of the company. If the company performs well, then creditors have the potential of an increased payout through the redemption of the warrants. If, however, the company does not perform well (which, by its nature is at least partially dependent on the current financial state of the company), creditors are left with worthless stock which the new owners would likely choose not to redeem. Evaluating this risk is akin to evaluating an IPO: without full and accurate disclosure, investors (here, creditors) are unable to fully

evaluate the bargain.  Accordingly, the debtor would be well advised to provide as open of access and disclosure as possible, lest the court find finds its disclosure statement insufficient.  It is hereby

ORDERED that both the debtor and Mr. Mann file their amended disclosure statements by October 5, 2009.  It is further

ORDERED that the debtor, in its reasonable discretion, provide such additional information in its amended disclosure statement to allow creditors and potential bidders to make an informed decision about the merits of the debtor's plan.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Office of United States Trustee; all entities on BNC mailing list.