UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re:                                          )
                                                )    Case No. 09-00148
    ELLIPSO, INC.,                          )    (Chapter 11)
                                                )
        Debtor.                             )
                                                )

**DEBTOR'S OBJECTION TO**
**JOHN MANN'S AMENDED DISCLOSURE STATEMENT**

    The Debtor, ELLIPSO, INC., by and through counsel, objects as follows to the amended disclosure statement filed by John Mann (DE 297) in connection with his proposed plan of reorganization (DE 298).

    Although Mann's amended disclosure statement cures some of the deficiencies in its original statement, many fundamental deficiencies remain:

    *First*, the amended disclosure statement still does not provide adequate information about Mann's acquisition company. For example, it does not identify the "two other experienced business executives" who will be the other shareholders, directors, and officers.[1] Nor does it disclose what their compensation will be (or Mann's, for that matter). It merely says that the terms of their compensation agreements will be "consistent with the company's status"—whatever that means.[2]

    *Second*, the amended disclosure statement fails to provide adequate information about how Mann anticipates that economic benefit would be derived from the Virtual Geo patents. For example—

---

1. Mann Am. Discl. St. at 9.

2. *Id.*

- Does Mann contemplate that the new corporation he refers to as "VG" proceed with development of a satellite system by itself? If so, what are its qualifications for doing so?

- Or will VG partner with other companies, and if so, who?

- Or will VG instead seek to license the patents, and if so, to whom?

- Who will fund the enormous capital investment that would be needed in order to develop a satellite system?

*Third*, the amended disclosure statement fails to provide adequate information about the "prospective $3 million investment transaction that will leave Debtor as a part owner of VG [the entity to which the Virtual Geo patents would be assigned] and also provide Debtor some operating cash."[3] Many important questions remain unanswered:

- Who is the new investor and how can creditors evaluate whether he, she, or it actually has the resources to make the investment?

- How much "operating cash" would the Debtor receive from the transaction and how would that cash be used?

- What percentage of VG would the Debtor acquire? What kind of stock would it receive?

- Who would the other shareholders be? Who will the officers and directors be? What will their compensation be?

- What agreements would VG have with Mann or with entities associated with Mann?

---

3. Mann Am. Discl. St. 14.

2

- Under what conditions would the Debtor receive dividends or other payments from VG?

- How much debt would VG incur?

These are only some of the questions that the amended disclosure statement fails to address. Mann's proposed plan of reorganization is in effect an IPO that the creditors are being asked to buy into, and an IPO not merely for Mann's acquisition company but also for VG, which will be the actual operating company. Yet Mann provides no information about VG.

*Fourth*, Mann's amended disclosure statement fails to provide adequate information regarding the claims against the estate. Mann once again provides inaccurate information about the likely administrative claims, stating that unpaid professional fees by the time of confirmation will be only $30,000. Thus, Mann's estimate of the initial payout to unsecured creditor is inaccurate and misleading. And Mann's prediction of the total amount of the unsecured claims that will ultimately be allowed—$6,963,716—raises questions. For example, in order for claims to be reduced to that amount, Robert Patterson's claim for $14 million would have to be disallowed in full. Is Mann agreeing with the Debtor that the claim should be disallowed? Or does he have a deal with Patterson under which Patterson would withdraw his claim in return for some undisclosed benefit?

## Conclusion

The deficiencies set out above represent only the most serious problems with Mann's amended disclosure statement. But these flaws alone compel the conclusion that

the statement does not provide the "adequate information" required by § 1125. As a result, Mann's amended disclosure statement should not be approved.

                Respectfully submitted,

                /s/ Kermit A. Rosenberg
                Kermit A. Rosenberg (D.C. Bar # 219089)
                Neal Goldfarb (D.C. Bar # 337881)
                Butzel Long Tighe Patton, PLLC
                1747 Pennsylvania Avenue, Suite 300
                Washington, D.C. 20006-4604
                Telephone: (202) 454-2800
                Facsimile:  (202) 454-2805
                *Attorneys for Debtor*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 13, 2009, true copies of the foregoing Debtor's Objection to John Mann's Amended Disclosure Statement were served electronically using the Court's Electronic Case Filing System and upon the Debtor, the United States Trustee, and all creditors and parties in interest entitled to receive such notice, and upon the following by first class mail, postage prepaid:

      Robert B. Patterson
      P.O. Box 3106
      Reston, VA 20190

      Robert B. Patterson
      c/o John Mann
      9330 Harts Mill Rd.
      Warrenton, VA 20186

      Martha L. Davis, Esquire
      Office of the United States Trustee
      115 S. Union Street, Room 210
      Alexandria, VA 22314

      /s/ Kermit A. Rosenberg
      Kermit A. Rosenberg