**ORDER DENYING MOTION FOR ENTRY OF PROTECTIVE ORDER**

   The Motion for Entry of Protective Order was docketed on the same day that the court (which was unaware of the Motion) signed orders re a subpoena to American Express and document production by the Castiels.  Because those orders included protective orders which may moot the Motion, I have not scrutinized the proposed order below closely.  But I have spotted at least two problems with the proposed order below: it applies to all parties "in these proceedings" and would permit exclusion of parties from parts of a deposition.  No notice was given to all parties in this case of an opportunity to oppose the entry of the order.  And I am uncomfortable with granting authority up front, before the issue arises, to bar an individual from being present at part of a deposition.  It is

   ORDERED that the proposed order below is stricken and the Motion for Entry of Protective Orderr is DENIED.

   Dated: October 9, 2009.

/s/ S. Martin Teel, Jr.
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

**ELLIPSO, INC. (DEBTOR)**

**CASE NO. 09-148 (CHAPTER 11)**

**FILED: FEBRUARY 25, 2009**

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER;
ORDER THEREON.**

**Judge: Hon. S. Martin Teel, Jr.**

   The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned case are, for various reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action. The materials to be exchanged throughout the course of the litigation between the parties may contain confidential information, as is contemplated by Federal Rule of Civil Procedure 26(c), and Federal Rules of Bankruptcy Procedure 7026. The purpose of this order is to protect the confidentiality of such materials as much as practical during the course of these proceedings.

THEREFORE:

1

**DEFINITIONS**

1. The term "Confidential Information" shall mean and include information contained or disclosed in any presumptively confidential materials, and any materials designated in accordance with this order, and may additionally include documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries and compilations derived there from that is deemed to be Confidential Information by any party to which it belongs.

2. The term "presumptively confidential materials" shall include

- personal records attributable to medical or psychotherapeutic treatment;
- financial information;
- federal and state income tax returns;
- personnel records of specifically identified third parties, including salary information, performance reviews;
- proprietary information such as blueprints, source code, or specifications; customer lists or other material that identify customers or potential customers; and
- price lists or schedules or other matter identifying pricing.

Such information is presumptively Confidential Information, absent stipulation of counsel or a ruling from the court de-designating such information. The presumption of confidentiality of the foregoing information is to be narrowly construed, and despite the presumption of such confidentiality, any documents containing such information must be marked in the manner described herein.

3. The term "counsel" shall mean outside counsel of record, in house counsel and

2

attorneys, *pro se* parties, paralegals, secretaries, and other support staff employed by said "counsel."

## GENERAL RULES

4. Each party to this proceeding that produces or discloses materials, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

    a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL," only if in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party. Such designation will be made according to the obligations imposed by Federal Rule of Civil Procedure 11, whether or not the designated documents are ultimately filed with the court.

    b. Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is protected by the parties' right to privacy or is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information. Such designation will be made according to the obligations imposed by Federal Rule of Civil Procedure 11, whether or not the designated documents are ultimately filed with the court.

3

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced shall be considered as "CONFIDENTIAL – FOR COUNSEL ONLY," and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a. said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY;" Such designation will be made according to the obligations imposed by Federal Rule of Procedure 11, whether or not the designated documents are ultimately filed with the court.

b. the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

      c.    the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

      7.    All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this matter, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

      8.    Information designated "CONFIDENTIAL – FOR COUNSEL ONLY" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information shall be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert shall provide the producing party with the name and curriculum vitae of the proposed independent expert and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts

shall not be unreasonably withheld.

9. Information designated "CONFIDENTIAL" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

   (a) Executives who are required to participate in policy decisions with reference to this action;

   (b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

   (c) Stenographic and clerical employees associated with the individuals identified above.

10. With respect to material being designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of the this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Subject to public policy, and further court order, nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. If the Court grants a party permission to file an item

under seal, a duplicate disclosing all non-confidential information shall be filed and made part of the public records. The item may be redacted to eliminate confidential material from the document. The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

13. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved by stipulation between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue shall be treated as Confidential Information, as designated by the designated party, until the Court has ruled on the objection or the matter has otherwise been resolved.

14. All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information shall take all reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party shall be responsible to another party for disclosure of Confidential

Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" – SUBJECT TO PROTECTIVE ORDER.

17. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this proceeding and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

19. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil

Procedure.

20. Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of this Court.

21. Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel of record for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporated Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22. The restrictions and obligations herein shall not apply to any information that: (a) the parties agree should not be designated as Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

23. The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate

possession thereof.

24. Transmission by facsimile is acceptable for all notification purposes herein.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

26. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

FOR GOOD CAUSE SHOWING:
IT IS SO ORDERED this _____ day of _____, 2009

_____
Hon. S. Martin Teel, Jr., United States Bankruptcy Judge

We ask for this:
DATED: October 7, 2009
By:

/s/ Robert Patterson (w/authorization DMW)
_____
Robert Patterson, *pro se*

DATED:
By: October 7, 2009

/s/ David M. Wachtel
_____
David Wachtel, Esquire
Attorney for David Castiel

10

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

**ELLIPSO, INC. (DEBTOR)
CASE NO. 09-148 (CHAPTER 11)**


I, _____, declare and say that:

     1.    I am employed as _____

by _____.

     2.    I have read the Protective Order entered in <u>In re: Ellipso, Inc.</u> (Debtor), No. 09-148, United States Bankruptcy Court for the District of Columbia, and have received a copy of the Protective Order.

     3.    I promise that I will use any and all "Confidential" or "Confidential – For Counsel Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, to assist counsel in the prosecution of this matter.

     4.    I promise that I will not disclose or discuss such "Confidential" or "Confidential – For Counsel Only" information with anyone other than the persons described in paragraphs 3, 8 and 9 of the Protective Order.

     5.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States Bankruptcy Court for the District of Columbia with respect to enforcement of the Protective Order.

                                                           _____
                                                                 (print name and address)