UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re.                                    )
                                          )   Case No. 09-00148
                                          )   (Chapter 11)
ELLIPSO, INC.                             )
                                          )
                                          )
          Debtor                          )
_____            )

**FILED OCT 26 2009 Clerk, U.S. Bankruptcy District and Courts**

**RESPONSE OF LAURY BLAKLEY TO OBJECTION TO HER CLAIM
BY JOHN PAGE**

Laury Blakley hereby submits this Response to the Objection filed by John Page (Page) on September 23, 2009, to my claim submitted on July 13, 2009:

1. My claim is based on efforts during several years on behalf of the Debtor using my experience and knowledge of Ellipso's affairs, and numerous activities I have undertaken on the Debtor's behalf while employed full time and thereafter on a part time basis.

2. Sometime in 2003, the Debtor was no longer in a position to fully meet its salary obligations to me and others.

3. In order for the activities in which I was involved to continue, especially the defense of several lawsuits brought against the Debtor by a disgruntled minority shareholder (in which the Debtor prevailed), and the prosecution of the Virtual Geo license with the Federal Communications Commission (FCC) (a license which was subsequently awarded), the Debtor's Board of Directors decided to accrue salaries, plus bonuses equal to the deferred compensation, the sum of which would be paid if, and only if (and when), the Debtor would have the necessary resources.

4. As a single mother I took substantial risks to assist Ellipso, with the understanding that the deferment would be honored if conditions warranted.

5. Nothing in the Board resolution, attached to my Statement of Claim, indicates a waiver in case of bankruptcy, or in any other case

6. I received payments from the Debtor from time to time, in proportion I believe to payments made to other similarly situated employees when funds were available.

7. A compendium of all paid and deferred compensation on the basis of that agreement approved by the Board was provided in my Statement of Claim.

8. During the past year, I fully supported Ellipso in its efforts to prevail against its adversaries including a successful appeal against a former employee who had filed duplicative patent applications to benefit his subsequent employer.

9. Page witnessed all my activities and support in the above efforts since I drove, without pay or other current consideration, to the then Bethesda office where Page was housed in order to support Page and Dr. Castiel directly.

10. In particular, I assisted Page in compiling the data relating to Dolphin Bay and Coastal, the investments which Page told Ellipso had been concealed from Judge Lamberth by John Mann and Robert Patterson.

11. This concealment resulted in a Motion for Contempt filed by Ellipso against Mann and Patterson.

12. I worked closely with Page during that time and I am shocked Page alleges I did not do anything to deserve my compensation.

13. In sum, I agreed to work with deferred compensation, and I provided valuable services to the Debtor. I regarded this compensation agreement as recognition

that the time and personal capital I expended were of substantial benefit to the Debtor and merited compensation.

14. I am aware that my deferred compensation will be part of all unsecured debt and I would thus receive a fraction of said deferments even in the best possible case.

15. Page was not my direct supervisor during the period of my claim. Although he is not qualified to evaluate the level or quality of my performance, he did witness my activities and his representation to the contrary to this Court is false and malicious.

16. Only Dr. David Castiel, the Debtor's CEO, and its Vice President Ambassador Gerald Helman are fully cognizant of the services I have rendered to the Debtor over the years and able to evaluate my performance. They have no objection to my claim.

17. Dr. Castiel's objection to Page's claim, filed with this Court on October 14, 2009, and which I incorporate hereto by reference and fully support, shows the extent to which Page has joined forces with others who have become adversaries of the Debtor in pursuance of their own personal interests. Page's misrepresentations and assault on my integrity are merely another tactic of that group to abuse this process and create havoc in an already charged bankruptcy proceeding.

Respectfully submitted

Laury Blakley

October 26, 2009

## CERTIFICATE OF SERVICE

I herby verify that on October 26, 2009, true copies of the foregoing **RESPONSE OF LAURY BLAKLEY TO OBJECTION TO HER CLAIM BY JOHN PAGE** were delivered by hand to the court and upon the following by first class mail, postage prepaid:

John H. Page
1077 30th Street, NW #411
Washington, DC 20007

Kermit Rosenberg, Esq.
Butzel Long Tighe Patton, PLLC
1747 Pennsylvania Avenue NW 3rd Floor
Washington DC 20006-4604

Martha Davis, Esq.
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, VA 22314

*Laury Blakley*