UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re.                                    )
                                          )    Case No. 09-00148
ELLIPSO, INC.                             )    (Chapter 11)
                                          )
                                          )
              Debtor                      )
_____)

FILED
OCT 26 2009
Clerk, U.S. Bankruptcy District and Courts

**RESPONSE OF GERALD B. HELMAN TO OBJECTION TO HIS CLAIM BY JOHN PAGE**

Gerald B. Helman hereby submits this Response to the Objection filed by John Page (Page) on September 23, 2009, to my claim submitted on July 13, 2009:

1. My claim is based on efforts during several years on behalf of the Debtor using my experience and relationships as a former United States Ambassador to the United Nations in Geneva (seat of the International Telecommunication Union (ITU)), and numerous activities I have undertaken on the Debtor's behalf both domestically and internationally.

2. Sometime in 2003, the Debtor was no longer in a position to meet its salary obligations to me and other executives.

3. In order for the activities to continue, especially the prosecution of the Virtual Geo license with the Federal Communications Commission (FCC), a license which was subsequently awarded in significant measure through my efforts and the approval of compatible international standards in the ITU, the Debtor's Board of Directors decided to accrue salaries, plus bonuses equal to the deferred compensation, the sum of which would be paid if, and only if (and when), the Debtor would have the necessary resources.

4. As a retired senior member of the United States foreign service (State Department and a retired Ambassador) I had the wherewithal to support the Debtor without receiving regular pay for many years, with the understanding that the deferment would be honored if conditions warranted.

5. Nothing in the Board resolution, attached to my Statement of Claim, indicates a waiver in case of bankruptcy, or in any other case

6. I received payments from the Debtor from time to time, in proportion I believe to payments made to other similarly situated executives when funds were available.

7. A compendium of all paid and deferred compensation on the basis of that agreement approved by the Board was provided in my Statement of Claim.

8. In sum, I agreed to work with deferred compensation, and I provided valuable services to the Debtor, *e.g.* a license to Virtual Geo. I regarded this compensation agreement as recognition that the time and personal capital I expended were of substantial benefit to the Debtor and merited compensation.

9. I am aware that my deferred compensation will be part of all unsecured debt and I would thus receive a fraction of said deferments even in the best possible case.

10. Page was not my direct supervisor during the period of my claim. To the best of my recollection, Page played no significant role in the effort to obtain the FCC license that extended over the course of more than six years. Much of my work for the Debtor during the period of my claim, for personal reasons, was performed at home and not at the Debtor's office. Hence, Page has no knowledge or ability to evaluate the quality or quantity of my work during the period of my claim.

11. Only the Debtor's Board and Dr. David Castiel, the Debtor's CEO are fully cognizant of the services I have rendered to the Debtor and able to evaluate my performance. They have no objection to my claim.

12. Finally, Page knows of the proposed appointment of Mr. Wexler as Plan Agent to deal with employment and compensation issues specifically as they address the interests of insiders, of which Page was one as of the time of the Petition and until his termination for cause and separation from the Debtor.

13. Dr. Castiel's objection to Page's claim shows the extent to which Page has joined forces with others who have become adversaries of the Debtor in pursuance of their own personal interests. Page's assault on my integrity is merely another tactic of that group to abuse this process and create havoc in an already charged bankruptcy proceeding.

14. Accordingly, I incorporate herein by reference Dr. Castiel's Objection to Page's claim, filed with this Court on October 14, 2009, and also pray this court to deny Page's claim for the reasons cited by Dr. Castiel.

Respectfully submitted

_____
Gerald B. Helman
Ambassador (retired)

October 26, 2009

3

## CERTIFICATE OF SERVICE

I hereby verify that on October 26, 2009, true copies of the foregoing **RESPONSE OF GERALD B. HELMAN TO OBJECTION TO HIS CLAIM BY JOHN PAGE** were delivered by hand to the court and upon the following by first class mail, postage prepaid:

John H. Page
1077 30th Street, NW #411
Washington, DC 20007

Kermit Rosenberg, Esq.
Butzel Long Tighe Patton, PLLC
1747 Pennsylvania Avenue NW 3rd Floor
Washington DC 20006-4604

Martha Davis, Esq.
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, VA 22314

/s/ Gerald B. Helman
Gerald B. Helman

4