UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re:                                )
                                      )    Case No. 09-00148
ELLIPSO, INC.,                        )    (Chapter 11)
                                      )
            Debtor.                   )
                                      )

**DEBTOR'S OBJECTION TO
AMENDED PROOFS OF CLAIM OF
ROBERT PATTERSON (Claim No. 6),
JOHN MANN (Claim No. 7),
THE REGISTRY SOLUTIONS CO. (Claim No. 10),
AND MANN TECHNOLOGIES, L.L.C. (Claim No. 11)**

The Debtor, ELLIPSO, INC., by and through counsel, objects to Amended Proofs of Claim No. 6 (filed by Robert Patterson), No. 7 (filed by John Mann), No. 10 (filed by The Registry Solutions Co.), and No. 11 (filed by Creditor Mann Technologies, L.L.C. ("Mann Tech")) (collectively, "the Amended Claims"), on the following grounds.

1. The Amended Claims are filed in bad faith, for the purposes of disrupting this case, manipulating the reorganization process, and harassing the Debtor.

2. The Debtor reasserts and incorporates by reference the objections it raised with respect to Claims 6, 7, and 11 as originally filed. In addition, to the extent that those grounds of objection are pertinent to the amended claim of TRSC.

3. With respect to any claims asserted in the Amended Claims that were not asserted in the claims as originally filed, those claims fail to state a claim on which relief may be granted.

4. With respect to any claims asserted in the Amended Claims that were not asserted in the claims as originally filed, Ellipso did not promise as alleged, is not indebted as alleged, and did not commit the wrongs alleged.

5. Any claims asserted in the Amended Claims that were not asserted in the claims as

originally filed, those claims are barred in whole or in part by the statute of limitations.

6. Any claims asserted in the Amended Claims that were not asserted in the claims as originally filed, those claims are barred in whole or in part by waiver, laches, and/or estoppel.

7. Any claims asserted in the Amended Claims that were not asserted in the claims as originally filed are barred to the extent that they arise from injuries allegedly arising from (a) *Ellipso, Inc. v. Mann*, No. 05-1186 RCL (D.D.C.) or (ii) *The Registry Solutions Co. and Ellipso, Inc.*, No. 16 494 00523 08 (American Arb. Ass'n), because to that extent those claims are in substance claims for malicious prosecution and as such they are subject to the objections Ellipso asserted to the malicious-prosecution claims as originally filed.

8. Any claims asserted in the Amended Claims that were not asserted in the claims as originally filed, those claims are barred in whole or in part by failure to mitigate damages.

9. To the extent that the Amended Claims arise from actions or omissions by Ellipso that concern Patterson, Mann, TRSC, and/or Mann Technologies ("the Claimants"), those claims are barred by claim preclusion and/or issue preclusion based on (i) the judgment in *Ellipso, Inc. v. Mann*, No. 05-1186 RCL (D.D.C.) and (ii) arbitration award dated June 5, 2009 in *The Registry Solutions Co. and Ellipso, Inc.*, No. 16 494 00523 08 (American Arb. Ass'n).

10. To the extent that the Amended Claims arise from actions or omissions by Ellipso that did not concern the Claimants, or any of them, the Claimants were not injured by those actions or omissions and lack standing to bring claims on account of them.

11. The claims for defamation (however designated) are barred on the following grounds (among others):

    a. The alleged defamatory statements were and are true.

    b. The alleged defamatory statements were privileged.

    c. The alleged defamatory statements represented non-actionable statements of opinion.

    d. The alleged defamatory statements represented fair comment.

    e. The Claimants have not alleged special injury.

12. The Debtor reserves the right to assert any other legal or equitable defenses that it may discover after the alleged basis for the Claims is more fully disclosed.

WHEREFORE, the Claims should be disallowed.

Respectfully submitted,

    /s/ Kermit A. Rosenberg
Kermit A. Rosenberg (D.C. Bar # 219089)
Neal Goldfarb (D.C. Bar # 337881)
Butzel Long Tighe Patton, PLLC
1747 Pennsylvania Avenue, Suite 300
Washington, D.C. 20006-4604
Telephone: (202) 454-2800
Facsimile:  (202) 454-2805

*Attorneys for Debtor*

CERTIFICATE OF SERVICE

      I hereby certify that on November 9, 2009, true copies of the foregoing Objection to Amended Proofs of Claim was served electronically using the Court's Electronic Case Filing System and upon the Debtor, the United States Trustee, and all creditors and parties in interest entitled to receive such notice, and upon the following by first class mail, postage prepaid:

    Robert B. Patterson
    c/o John Mann
    9330 Harts Mill Rd.
    Warrenton, VA 20186

    John Mann
    9330 Harts Mill Rd.
    Warrenton, VA 20186

    Ronald B. Patterson, Esq.
    P.O. Box 1756
    Alexandria, VA 22313

    Martha L. Davis, Esquire
    Office of the United States Trustee
    115 S. Union Street, Room 210
    Alexandria, VA 22314

        /s/ Kermit A. Rosenberg
    Kermit A. Rosenberg