UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re:                              )
                                    )   Case No. 09-00148
                                    )   (Chapter 11)
ELLIPSO, INC.,                      )
                                    )
          Debtor.                   )
                                    )
_____ )

*FILED*
*NOV 10 2009*
*Clerk, U.S. Bankruptcy District and Courts*

### RESPONSE OF LINDA AWKARD, ESQUIRE OPPOSING THE OBJECTIONS OF MANN TECHNOLOGIES LLC TO HER UNSECURED CLAIM

Linda Awkard hereby files this Response Opposing the Objections of Mann Technologies, LLC filed on October 10, 2009, to her unsecured claim and represents as follows:

### I. General Response.

1. The objection of Mann Technologies, LLC ("Mann Tech") to the claim of Linda Awkard ("Awkard") is merely another manifestation of Mann Techs' efforts to harass and discredit everyone associated with the Debtor Ellipso, Inc. ("Ellipso") in order to destroy the Debtor so that Mann Tech can better purloin its technology. This should be contrasted with the long-lasting efforts of Awkard, other reputable attorneys, and Ellipso employees and board members to save and resurrect the Debtor. The extremes to which Mann Tech is willing to abuse the judicial processes is evidenced most recently by its threat to file a 100 page complaint (349-1) against Awkard and 31 other defendants, including all of the Debtor's recent highly reputable and distinguished counsel, alleging a

litany of totally false and unsubstantiated claims designed to entangle these defendants in years of expensive litigation.

2.   The origin of Mann Tech's discredit and destroy strategy of litigation is clearly the product of Robert B. Patterson, one of two of Mann Tech's principals, and an attorney with a law degree from Harvard Law School. Unfortunately, his legal training appears to have taught him little about turpitude. His past record provides the key to understanding his base *modus operandi* in this bankruptcy proceeding. This record is distinguished by the following:

a.   On December 20, 1993, the United States Court of Appeals for the Fourth Circuit affirmed a bankruptcy court's order in Patterson's own personal bankruptcy finding that Patterson's debt of $250,000 to the Riggs National Bank was non-dischargeable under 11 USC § 523(a)(6). The Court of Appeals affirmed the District Court's order affirming that Patterson's debt was non-dischargeable under 11 USC § 523(a)(6) which provides that an individual is not discharged from a debt " for willful and malicious injury by the debtor to another entity or to the property of another entity". The Court noted and the facts and legal contentions were adequately presented to show that Patterson willfully and maliciously converted funds ($250,000.00) from an inactive home equity line of credit.

b.   On December 29, 1999, the Virginia State Bar Disciplinary Board imposed a 90-day suspension on Patterson for "knowing misrepresentation" when he represented a client before a judge and told that judge that he did not know that his license had been suspended.

2

c.  On October 31, 2001, the Virginia State Bar Disciplinary Board issued a public reprimand to Patterson for failing to pay a sanction imposed in the United States Bankruptcy Court of the Eastern District of Virginia, not complying with a discovery order in the United States District Court for the Eastern District of Virginia, and for withdrawing from the representation of a client notwithstanding the court's denial of his request to withdraw

d.  On November 30, 2001, Patterson was convicted of theft of government property in the amount of over $24,000 by continuing to receive benefits from the Veteran's Administration and Civil Service intended for his mother-in-law for more than one year after her death in February 1998. Patterson deposited his mother-in-law's checks that he stole into his son's checking account and used the funds for personal matters. Patterson explained to Federal investigators that he used his son's account instead of his own because he was involved in civil litigation resulting from several failed real estate projects and wished to hide his assets from his creditors.

e.  On January 25, 2002, the Virginia State Bar Disciplinary Board suspended Patterson's license to practice law based on his guilty pleas and felony conviction. The District of Columbia Court of Appeals subsequently also disbarred Patterson.

f.  Patterson was sentenced to five years of supervised probation as a consequence of his felony conviction. However, he failed to comply with the terms of his probation, and was considered a fugitive between October 23, 2002, and April 30, 2003. Patterson was therefore arrested and on May 6, 2003, ordered to be imprisoned for a six-month period, followed by a term of three years of supervised release.

## II. Specific Response.

A. Allegations as to Lack of Professional Qualifications.

1. Awkard vigorously protests and objects to the filing of certain allegations contained in the objections to Awkard's claim filed by Mann Tech. The nature, tone and tenor of these allegations have been filed for an improper purpose to harass and defame Awkard as well as to increase the cost in this bankruptcy proceeding.

2. The most elementary inquiry by counsel to Mann Tech and its principals would have disclosed that :

   a) Awkard's educational background includes an undergraduate Bachelors of Science Degree in Chemistry and minor in Mathematics from Florida State University; a Juris Doctor degree from Fordham University School of Law and a graduate certificate in International Business Transactions from Harvard University Law School.

   b) Awkard is and has been an attorney in good standing and licensed to practice law for thirty years in the State of New York.

   c) Awkard is and has been an attorney in good standing and licensed to practice law in the District of Columbia for twenty five years and has been and continues to be a member of the telecommunications section of the Bar.

4

  d) Awkard's three decades of practice encompasses complex transactional matters and in said capacity has represented such clients as General Motors Corporation, Potomac Electric Power Company, Riggs Bank, FDIC, General X-Ray Corporation, Applied Electric Technologies Corporations.

  e) Awkard is and has been a sitting member of the Board of Directors of the United States Chamber of Commerce and actively serves on the E-Commerce and Telecommunications Committee as well as the Emerging Technologies Committee. Awkard's reputation is well known in the business community, is beyond reproach and well qualified to have represented the Debtor.

**B** <u>Awkard has provided substantial professional services to Ellipso.</u>

1. Awkard's claim is based on professional work and services provided to Ellipso since April 2006.

2. Awkard's representation of the Debtor since its inception included an agreement as to a reduced rate for her professional services. Awkard's rate established for services to corporate clients in 1990 was $ 375.00 per hour. Her current rate is well above the rate charged to the Debtor.

3. On or about April 2006 the Debtor informed Awkard that its fiscal position was such that it could not continue to meet its current and on-going financial obligations to Awkard.

4   Because Awkard was then involved in on-going legal matters with respect to the representation of the Debtor, Awkard agreed to continue her representation with compensation to be deferred until the Debtor had the financial wherewithal to pay the deferred compensation. Awkard never waived such deferred compensation in case of bankruptcy or otherwise.

5   From June 2006 until May 2008, Awkard provided professional services to the Debtor without receiving any payment toward the accrued deferred compensation and thereafter, continued to provide professional services for a minimum fixed monthly amount until the filing of this bankruptcy action.

6   The objections filed by Mann Tech lack merit and have been filed for an improper purpose.  In its own objections, Mann Tech acknowledges Awkard's active participation in the litigation captioned *Ellipso, Inc. v. Mann Technologies, LLC et. al* in the US District Court for the District of Columbia; Case No. 85-1186(RCL). In that action Mann Tech was fully aware of Judge Lamberth's order in November 2007, which required the debtor to obtain counsel in 10 days as a result of the withdrawal of its litigation counsel, Leftwich & Ludaway (a creditor in this action ). Awkard became actively involved as counsel of record in that case in support of Debtor's trial counsel, Vanessa Lourie, Esquire. Neither counsel received payment for their entry of the case as time was of the essence and critical to the Debtor. At the time of Awkard and Lourie's

appearance, the case was in the pre-trial motion phase requiring the preparation and filing of numerous motions, participation in hearings and ultimately a seven-day jury trial with a final order being entered on September 30, 2008.

7  The objections filed by Mann Tech lack further merit in that Mann Tech acknowledges in its objections Awkard's active representation of the Debtor in the AAA arbitration, an arbitration action filed on August 12, 2008, by these very same principals of Mann Tech. This arbitration required days of meetings with the Debtor as well as preparation and review of thousands of pages of discovery which the principals submitted very late in the arbitration, filings of pleadings, formal phone conferences with the Arbitrator, John L. Bartlett and three full days of hearings continuing into 2009 with the AAA Arbitrator. At all times relevant, the principals of Mann Tech were active parties to the arbitration.

8  The nature and extent of Awkard's professional services are well known to Mann Tech, many of the creditors in this proceeding as well as to the Debtor. Awkard represented the Debtor in the matter in which the creditor, Lerman Senter, PLLC (formerly Leventhal Senter & Lerman, PLLC and hereafter "Lerman") has filed its claim in this bankruptcy proceeding which encompasses protracted negotiations and which resulted in a negotiated settlement and tolling agreement. Awkard began representing the Debtor in the Lerman matter in April 2007 which involved the review of files, conferences with the Debtor as well as

Lerman, and its counsel, Robert Trout, Esquire and Gloria Solomon, Esquire. This representation required many hours of negotiation and contract drafting until the terms of a final agreement was reached in February 2009, just prior to the Debtor's Chapter 11 filing in February 2009

9   Awkard's representation is also well known to other creditors in this bankruptcy proceeding with whom she has worked in concert for many hours to represent the Debtor. These include David Dort, Esquire, Ambassador Gerald Hellman, Vanessa Lourie, Esquire, Natalie Ludaway, Esquire, and Dr. David Castiel.

10  Awkard has also provided representation to the Debtor beginning in early 2006 in its dispute with ICO Global Communications Holdings, Ltd.("ICO"). This matter required hours and hours of review of files and filings and conferences and meetings with the debtor and its then current and former employees as well as ICO's Seattle, Washington counsel, Julie Weston, Esquire. Awkard's representation involved working with the Debtor's trial counsel, Steven Toll, Esquire and Elizabeth Feinberg, Esquire of Cohen, Milstein, Hausfeld & Toll, PLLC in preparation and participation in mediation under Linda R. Singer, Esquire, mediator and thereafter in the lawsuit captioned *Ellipso, Inc v. ICO Global Ltd et. al.*, Case No. 2006 CA 008684B in the Superior Court of the District of Columbia. This matter settled in June 2008. Awkard also provided legal representation in 2007 and 2008 in the negotiation of various consulting

agreements with James Valentine, Esquire, Victor Novell and Highland Capital. Awkard also provided services in connection with investor efforts involving Mr. Robert Visser, Esquire on behalf of Blue Dome Partners and HP Asghar, CEO of ITP, LLC.

11  It is noteworthy that one of the principals of Mann Tech, Robert B. Patterson is a Harvard Law School trained lawyer with major law firm experience, (albeit disbarred in the Commonwealth of Virginia and the District of Columbia) who is well aware of the time required in the prosecution of lawsuits, particularly those which are highly contentious. (Indeed, the time required in response to the pleadings filed by Mr. Patterson and Mann Tech in this proceeding alone has cost the parties, including Debtor's counsel, tens of thousands of dollars.) Moreover, Mann Tech and its principals have had full access to the financial documents of the Debtor in the AAA arbitration and otherwise and hence, are fully aware of all payments made by the Debtor to its creditors including Awkard. Mann Tech and its principals have first hand knowledge of Awkard's representation, time and effort on behalf of the Debtor in the matters in which it was a party and have a full appreciation that the amounts claimed by Awkard made in her proof of claim fall far short of the value of the time and services provided by Awkard to the Debtor.

12  Awkard is aware that her deferred compensation is part of all unsecured debt in this proceeding and that she would receive a fraction of said

deferments even with the reduced amount claimed in her proof of claim and under the best possible circumstances.

13 Awkard has provided, at minimum, over 600 hours of uncompensated valuable services, over a three year nine month period, to the Debtor and her services were well beyond what was reasonably and professionally expected and which has been of substantial benefit to the Debtor and warrants compensation.

14 The Debtor is fully aware and cognizant of the value of the services Awkard has rendered to it at a time when it could not afford to retain such experienced counsel and Debtor has no objection to Awkard's claim.

Respectfully submitted,

Linda Awkard, Esquire

## VERIFICATION

**I HEREBY AFFIRM,** under penalties of perjury that the facts contained in the foregoing Response of Linda Awkard, Esquire Opposing the Objections of Mann Technologies, LLC to Her Unsecured Claim are true and correct to the best of my information, knowledge and belief.

Linda Awkard, Esquire

10

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2009, true copies of the foregoing Response of Linda Awkard, Esquire Opposing the Objections of Mann Technologies, LLC to Her Unsecured Claim were delivered by hand to the court and upon the following by first class mail, postage prepaid:

Ronald B. Patterson, Esquire
PO Box 1756
Alexandria, Virginia 22313

Kermit Rosenberg, Esq.
Butzel Long Tighe Patton, PLLC
1747 Pennsylvania Avenue NW 3rd Floor
Washington DC 20006-4604

Martha Davis, Esq.
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, VA 22314


Linda Awkard, Esquire