CLERK
US DISTRICT & BANKRUPTCY
COURTS

2009 NOV 23 PM 4:18

RECEIVED

FILED
NOV 23 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re. | ) |
| | ) Case No. 09-00148 |
| | ) (Chapter 11) |
| ELLIPSO, INC. | ) |
| | ) |
| Debtor | ) |
| | ) |

**RESPONSE OF DAVID CASTIEL AND CAMERAN CASTIEL TO MOTION
OF ROBERT PATTERSON TO HOLD US IN CONTEMPT OF COURT**

David Castiel and Cameran Castiel (the "Castiels" or "we" or "I" or "us") hereby respectfully submit this Response to the motion of creditor Robert Patterson ("Patterson") to hold them in contempt of court for failure to comply with this Court's orders of September 9, 2009, and October 7, 2009, (Doc. Nos. 256 and 304) requiring production of certain of the Castiels' bank records.

I.   WE DID NOT DISOBEY A SEPTEMBER 9, 2009, ORDER TO PRODUCE DOCUMENTS.

At a September 9, 2009, hearing, this Court announced that it would grant Patterson's motion to compel us to produce certain documents (Doc. No. 154). Patterson's motion for contempt filed on November 3, 2009, (Doc. No. 358) cites Doc. No. 256 as the September 9, 2009, Order that we allegedly violated. Doc. No. 256, however, is titled "CASE HEARING SUMMARY'. Underneath that caption, the form explains that "(This is NOT an ORDER)." (emphasis in original). Due to the concerns about confidentiality that Bernabei and Wachtel raised on our behalf, Judge Teel expressly noted that the actual written order implementing his decision would include confidentiality provisions along the lines of a protective order proposed by Patterson.

Because the Court had not yet issued such a written order, there was no date set by which we were required to produce documents subject to the subpoena.

On September 23, 2009, Patterson filed a motion to hold us in contempt for failure to comply with the alleged September 9, 2009, Order. (Doc. No. 268). On October 2, 2009, this Court issued an order denying Patterson's first motion for contempt. (Doc. No. 284). On October 7, 2009, the Court issued a written order for production of documents by the Castiels. (Doc. No. 304). This Order contained provisions for the confidential treatment of information produced and required that production be made by October 29, 2009. The Court noted in that Order that it had announced at the September 9, 2009, hearing that Patterson's motion to produce would be granted, but the Court does not mention any outstanding September 9, 2009 order already issued to implement this decision. Since no operative written September 9, 2009 order requiring production by a specific date and including confidentiality provisions exists, we have not violated this non-existent order and cannot be subject to being held in contempt for such a violation.

II.     WE HAVE MADE A GOOD FAITH EFFORT TO COMPLY WITH THE OCTOBER 7, 2009, ORDER.

   A.   Certain documents that Patterson asserts were not produced are not within the scope of his subpoena.

The documents ordered to be produced were identified in Patterson's subpoena issued to the Castiels on March 22, 2009, as follows:

> Account statements (2003 to present) for each and every account into which Ellipso or any of its subsidiaries have transferred any funds or stock and for which David Castiel has or had, solely or jointly, signatory authority.

2

Patterson asserts that "almost no copies of checks or wire transfers were provided." (Doc. No. 358 at 2). Patterson's subpoena, however, only asks for "account statements," not copies of checks or wire transfers. We have therefore not produced these documents because they are not required to produce such documents. To the extent that photo copies of checks and wire transfer information are included in and part of the actual account statements, this information has been provided to Patterson.

Patterson further asserts that monthly statements from other accounts including the Northern Trust Bank have not been produced. We do not have an account at the Northern Trust Bank and have no idea why Patterson thinks that such an account exists. We also have no accounts into which Ellipso or any of its subsidiaries have transferred any funds or stock other than those for which account statements have been produced. We have not violated the October 7, 2009 Order in this manner as alleged by Patterson.

    B.    **We have produced documents for Patterson on three separate occasions in response to the October 7, 2009, Order.**

Patterson notes in his motion for contempt that bank records responsive to the October 7, 2009 Order were produced on October 21, 2009. After Patterson contacted our attorneys, additional documents were produced on October 29, 2009. Rather than informing us or our attorneys again about perceived deficiencies in the production (missing pages in specific statements that could possibly result from automated copying of hundreds of two-sided documents) so that we could take further corrective action, Patterson instead filed his motion for contempt. Since that filing, we have produced even more documents to Patterson in an attempt to cure the remaining deficiencies Patterson alleges (a complete unredacted new set to ensure that no pages are missing).

We do not deny that problems have occurred with respect to their production of the documents required. At first, financial account numbers were redacted because of a misunderstanding of what the law allowed to be redacted. Then, mistakes and mechanical mishaps in copying were made when two-sided sheets were not copied on both sides. Finally, some account statements were not readily available and had to be ordered from the banks, causing delay in production but all but one statement were produced by October 29, 2009. All of these problems should now have been resolved with the fresh new, and duplicate, unredacted set.

We further note that the burden of the mechanical aspects of production, and costs for multiple productions of the same information, has fallen almost entirely on us as our attorneys were in the process of withdrawing from representing us during this period of production and now no longer represent us. Any failures in the production process were not caused by a deliberate attempt not to comply with the Court's Order or a heedless disregard of that Order. Rather the problems arose primarily from a lack of proficient secretarial skills and the distractions caused by the need to address the never-ending stream of Patterson's vexatious filings.

Under the circumstances, Patterson's motion is merely a further part of his continuing abuse of the judicial process in order to pursue his personal vendetta against me[1]. Normally, the proper way to resolve such issues is for the parties to consult and confer at least through our attorneys since there is an injunction prohibiting Patterson from approaching me except in Court. The correct and efficient way to save this Court's

---

[1] This Court is reminded that on August 28, 2009 David Castiel obtained an injunction in DC Superior Court against Robert Patterson ("Stay Away Order", Exhibit 1 herein). Patterson was found to be stalking our residence (see Exhibit 2 herein). The injunction is for one year. Patterson was sternly reminded in Court by Judge Motley that violation of his Order would result in stiff punishment for Patterson, a disbarred attorney, who was compelled to stand up and acknowledge orally and in a loud voice Judge Motley's order.

valuable resources is not to file motion after motion for contempt that waste the Court's time[2]. For these reasons, we urge this Court to deny Patterson's motion for contempt.

Respectfully submitted,

David and Cameran Castiel, *pro se*

November 23, 2009

---

[2] Patterson misuse of the bankruptcy proceeding is not new. He was found to have "willfully and maliciously converted funds" from Riggs Bank in his bankruptcy case, a finding that was affirmed by the 4th District Appeals Court (see Exhibit 3 herein). This was pointed out by Ms Awkard in her response to an Objection to Claim filed by Mann Tech, the joint operation of convicted felon Patterson and his associate John Mann.

5

## CERTIFICATE OF SERVICE

I hereby verify that on November 23, 2009, true copies of the foregoing

**RESPONSE OF DAVID CASTIEL AND CAMERAN CASTIEL TO MOTION OF ROBERT PATTERSON TO HOLD US IN CONTEMPT OF COURT** were

delivered by hand to the court and upon the following by first class mail, postage prepaid:

Robert Patterson
c/o John Mann
9330 Harts Mill Road
Warrenton, VA 20186

David Wachtel
Bernabei and Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7124

Kermit Rosenberg, Esq.
Butzel Long Tighe Patton, PLLC
1747 Pennsylvania Avenue NW 3rd Floor
Washington DC 20006-4604

Martha Davis, Esq.
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, VA 22314


_____
David Castiel

**EXHIBIT 1**



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

```
FILED
IN OPEN COURT
AUG 28 2009
Superior Court
of The District of Columbia
Washington, D.C.
```

**DAVID CASTIEL**

                    Plaintiff

vs.                                   Case No.: **2009 CA 004941 B**

**ROBERT BROWN PATTERSON**
                    Defendant

## CONSENT STAY AWAY ORDER

UPON CONSIDERATION of the plaintiff's application for a Temporary Restraining Order, and the record herein, and the consent of all parties, it is by the Court on this date August 28, 2009.

**ORDERED** that:

1. The Parties shall not ☒ assault, ☒ threaten, ☒ harass, or ☒ physically abuse each other in any manner.

2. The parties shall stay at least 100 feet away from each other's ☒ person, ☒ home, ☒ workplace and _____.

3. The Parties shall not contact each other in any manner, including, but not limited to: ☒ telephone, ☒ in writing, ☐ or in any other manner either directly or indirectly or through another person. Except regarding litigation between the compa[nies] that is pending between the parties in civil litigation

_____
JUDGE

(for one year)

_____
**DAVID CASTIEL**
Plaintiff

_____
**ROBERT BROWN PATTERSON**
Defendant

JICCSAO.doc

**EXHIBIT 2**





**EXHIBIT 3**


14 F.3d 595, 1993 WL 525587 (C.A.4 (Va.))
(Table, Text in WESTLAW), Unpublished Disposition
(Cite as: 14 F.3d 595, 1993 WL 525587 (C.A.4 (Va.)))

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. See CTA4 Rule 32.1.

United States Court of Appeals, Fourth Circuit.
Robert Brown PATTERSON, Plaintiff-Appellant,
and
Maureeen Down Patterson, Plaintiff,
v.
THE RIGGS NATIONAL BANK OF WASHINGTON, D.C., Defendant-Appelle.
No. 92-1505.

Submitted June 23, 1993.
Dec. 20, 1993.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
Robert Brown Patterson, appellant pro se.

Thomas M. Brownell, Furr & Brownell, for Appellee.

E.D.Va.

AFFIRMED.

Before WILKINSON, NIEMEYER, and WILLIAMS, Circuit Judges.

PER CURIAM

OPINION

*1 Robert Patterson appeals from the district court's order affirming the bankruptcy court's order finding that Patterson's debt to Riggs National Bank in the amount of $250,000 was nondischargeable under 11 U.S.C. § 523(a)(6) (1988). The issue is whether Patterson willfully and maliciously converted funds from an inactive home equity line of credit within the meaning of § 523(a)(6). The bankruptcy court's determination on this issue is one of fact, reviewed for clear error. *In re: Green,* 934 F.2d 568, 570 (4th Cir.1991). Where the bankruptcy court's involves the choice between "two permissible views of the evidence," its findings will not be disturbed on appeal. *Tyson v. Jones & Laughlin Steel Corp.,* 958 F.2d 756, 759 (7th Cir.1992). *See also Bennett v. Local Union No. 66,* 958 F.2d 1429, 1433 (7th Cir.1992) (factfinder's choice among permissible inferences is not clearly erroneous even if reviewing court would have weighed evidence differently). With this standard in mind, our review of the entire record and transcript of the hearing before the bankruptcy court reveals that this appeal is without merit. Therefore, we affirm the district court's order affirming the bankruptcy court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*

C.A.4 (Va.),1993.
Patterson v. Riggs Nat. Bank of Washington, D.C.
14 F.3d 595, 1993 WL 525587 (C.A.4 (Va.))

END OF DOCUMENT