UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re:                              )
                                    )     Case No. 09-00148
    ELLIPSO, INC.,                  )     (Chapter 11)
                                    )
            Debtor.                 )
                                    )

**EMERGENCY MOTION OF KERMIT ROSENBERG,
NEAL GOLDFARB, AND BUTZEL LONG TIGHE PATTON, PLLC
TO WITHDRAW FROM REPRESENTING THE DEBTOR**

Kermit Rosenberg, Neal Goldfarb, and Butzel Long Tighe Patton, PLLC (the "Movants"), pursuant to Local Bankruptcy Rule 2091-1(b), move to withdraw from representing the Debtor, ELLIPSO, INC., in this case and in all pending proceedings[1] on the ground that they have interests adverse to the Debtor and are no longer disinterested parties.

Two events have precipitated this motion.

First, as the Court is aware, the Movants (along with BLTP member Thomas Patton) are all named as defendants in a 128-page RICO action filed by Mann, Mann Technologies, Patterson, and TRSC ("the Mann/Patterson Group").[2] Although the Movants were previously aware of the Mann/Patterson Group's threat to file a similar suit, it was not until December 22, 2009 that the Movants learned that the suit had actually been filed. The lawsuit accuses the Movants of numerous acts of fraud, primarily in connection with this bankruptcy case and other postpetition proceedings involving the Debtor. While Movants believe that those allegations are false and are made maliciously

---

1. Movant Neal Goldfarb also requests authority to withdraw his appearance in *Ellipso, Inc. v. Mann*, No. 05-1186 (D.D.C.), which was entered after the Court granted relief from the automatic stay with respect to that action.

2. *Mann v. Castiel*, No. 09-02137-RCL (Ex. A hereto).

1

and in bad faith, what is important for the purposes of this motion is that the Mann/Patterson Group has made the Movants, counsel for the Debtor, into defendants in litigation regarding the Movants' representation of the Debtor. The suit seeks $30 million in trebled damages under RICO and another $10 million in punitive damages.

Second, at about the same time, both John Page and the Mann/Patterson Group filed oppositions to BLTP's fee application. In those oppositions, Page and the Mann/Patterson Group allege malpractice by the Movants as a matter of defense to the application. The clear implication of those oppositions and of other statements made by members and representatives of the Mann/Patterson Group is that, should the John Mann plan be confirmed, Ellipso will (directly or through its subsidiaries) bring one or more malpractice actions against the Movants.

The Movants' interests are now clearly adverse to those of the estate and the Debtor in several respects.

*First*, the allegations in the RICO action—that Movants acted jointly with the Debtor in committing fraud and other torts—are such that the Movants have a claim against the estate for indemnification and/or contribution. And because that claim arises for the most part out of the Movants' *postpetition* actions, it is an administrative claim. Thus, it would not merely reduce each unsecured creditor's pro rata share, but would reduce the total amount available for unsecured creditors. This is obviously an extremely serious conflict.

*Second*, in their opposition to BLTP's fee petition, the Mann/Patterson Group accuses the Movants of committing legal malpractice in their representation of the Debtor and/or the Debtor's subsidiaries in this case. The Movants therefore have an interest

2

potentially adverse to the interests of the estate in seeking to ensure that no such plan is confirmed.

*Third*, given the nature of the Mann/Patterson Group's claims against the Movants in the RICO suit, the Movants cannot take any further actions as counsel for the Debtor without looking over their shoulders to seek to protect their own interests rather than merely the best interests of the estate, for any actions Movants take will, on the evidence of the allegations in the RICO lawsuit, provide fodder of some sort, no matter how contrived, for further accusations and claims against them. That very real risk will prevent the Movants from exercising independent professional judgment.

The foregoing conflicts align the Movants' interests materially adverse to the interest of the estate such that they are no longer disinterested persons as defined in 11 U.S.C. §101(14)(C) and disqualify the Movants from continuing to represent the Debtor pursuant to 11 U.S.C. § 327(a). The only action open to the Court in these circumstances is to allow—indeed, require—the Movants to withdraw as counsel.

Because withdrawal is mandatory, there is no need for us to provide additional arguments in support of this motion. Nevertheless, it is worth noting that neither the Mann/Patterson Group nor Mr. Page has any valid basis for opposing the Movant's withdrawal. In their view (although one with which Movants disagree), the Movants have *always* been disqualified from representing the Debtor. So allowing the Movants to withdraw would give them the result they want.

WHEREFORE, the Court should grant the Movants leave to withdraw from representing the Debtor in this case, and should authorize Movant Neal Goldfarb to move

for leave of the District Court to withdraw his appearance in *Ellipso, Inc. v. Mann*, No. 05-1186 (D.D.C.).

          Respectfully submitted,

          /s/ Kermit A. Rosenberg
          Kermit A. Rosenberg (D.C. Bar No. 219089)
          Neal Goldfarb (D.C. Bar No. 337881)
          Butzel Long Tighe Patton, PLLC
          1747 Pennsylvania Avenue, N.W.
          Suite 300
          Washington, D.C. 20006-4604
          Telephone: 202.454.2800
          Facsimile:  202.454.2805
          krosenberg@buzeltp.com
          ngoldfarb@butzeltp.com

          *Attorneys for Debtor*

CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2009, true copies of the foregoing Motion were served electronically using the Court's Electronic Case Filing System upon all parties entitled to receive such notice and upon the Debtor, the United States Trustee, and all creditors and parties in interest set forth on the service list attached to the original Notice of Hearing of and Opportunity to Object to this Motion filed with the Clerk of this Court by first class mail, postage prepaid. The following creditors were also served by email:

| | |
|---|---|
| John Mann | jmann@dishmail.net |
| Ronald B. Patterson, Esq. | ronplegacy@hotmail.com |
| Robert B. Patterson | legalmanagement@yahoo.com |
| David Dort | ddort@dort.com |
| Richard Burt | rburt@maglobal.com |
| CBIZ | JEstrada@CBIZ.com |
| David Castiel | dcastiel@ellipso.com |
| John Page | john.h.page@gmail.com |
| Morris Nichols | wtuthill@mandt.com |
| Leftwich & Ludaway | noludaway@leftwich.com |
| Baker & Botts | skropf@bakerbotts.com |
| Mark Zaid | mark@markzaid.com |
| Lerman Senter, PC | mfaller@shulmanrogers.com |
| Linda Awkard | lawkard@earthlink.net |
| Gerald Helman | ghelman@ellipso.com |
| Vanessa Carpenter Lourie | vlourie@carpenterlourie.com |

    /s/ Kermit A. Rosenberg
KERMIT A. ROSENBERG