UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re:                                                                Case No. 09-00148
ELLIPSO, INC. (Debtor)                                                  (Chapter 11)

**JOINT RESPONSE OF CREDITORS MANN TECHNOLOGIES, LLC;
THE REGISTRY SOLUTIONS COMPANY; JOHN B. MANN, and
ROBERT PATTERSON
TO
THE UNITED STATES TRUSTEE'S MOTION
TO APPOINT A CHAPTER 11 TRUSTEE**

CREDITORS, MANN TECHNOLOGIES, LLC, ("MannTech"), THE REGISTRY SOLUTIONS COMPANY, ("TRSC"), JOHN B. MANN, ("Mann"), and ROBERT PATTERSON, ("Patterson"), (collectively "Creditors" or "These Creditors"), file this Response to the Motion of the U.S. Trustee to Appoint a Chapter 11 Trustee.  These Creditors oppose the appointment of a Trustee at this time as not only wasteful of the Debtor's scarce resources, but unnecessary and, indeed, potentially in conflict with current reorganization efforts.  Appointment of a trustee at this time is not in the best interests of the Creditors.

1.  It appears that the Plan of Reorganization Proposed by Creditor John B. Mann Will Be Confirmed Within Thirty Days.

The Creditors have voted on the proposed Plan of Reorganization of John B. Mann, ("Mann Plan"), and all that remains is the determination of objections to several Claims. Subject to this court's determination of allowable votes, including any estimations where appropriate, there are ten (10) votes for the Mann Plan and eight (8) votes against.  Of the ten (10) votes for the plan, there are objections to eight (8).  These Creditors believe none of the objections has merit. Two (2) of the claims (No. 8 and 9) to which objections have been filed are final judgments of the U.S. District Court; and a third (No. 10-1) is a final

1

AAA Arbitration Award. Creditor David Castiel ("Castiel") has filed the only objection to a fourth claim (No. 16) objecting only to the amount. The objections to four other claims (No. 6, 8-2, 10-2, and 11) only apply to portions of these claims. It appears that at the hearing scheduled for February 16, 2010, the Mann Plan will likely be found to have been accepted by the Creditors and therefore confirmable.

Moreover, the objections filed against the "No" votes appear substantial. Four (4) of the negative votes are by insiders (Castiel, Gerald Helman, Richard Burt, Linda Awkard).[1] The other four "No" votes are two (2) from Debtor's long time legal counsels; one (1) from Castiel's long time personal secretary; and one (1) from his long time accountant. The impartiality, motives, and good faith of each can legitimately be questioned. It certainly seems that these "insider" creditors have a hidden agenda, which is contrary to the interests of the other, non-insider, Creditors, as well as the interests of the Estate. Appointment of a trustee will not change their partiality, and hence would not facilitate confirmation of any legitimate plan.

Appointment of a trustee at this time would only serve to deplete the scarce resources of the Debtor, and waste additional time of this court and all creditors, with no benefit to the Estate.

2. There Is No Compelling Reason for Appointment of a Trustee at This Time.

A. Appointment of a Trustee Would Not Facilitate Resolution of the Issues in This Proceeding. The Trustee's Motion seeks appointment of a trustee primarily because of the assertion that, "At the present time … the conflict and personal hostility between Mann/Patterson and Castiel threaten to derail the reorganization effort to the detriment of

---

[1] Disallowance of any of these claims would further assure approval of the Mann Plan on February 16, 2010.

2

the estate and creditors." (Motion ¶ 26, p. 5). The Motion does not elaborate or explain how this affects potential confirmation of the Mann Plan, nor how appointment of a trustee would ameliorate the conflict.[2] The most the appointment of a trustee at this time would accomplish is to eliminate David Castiel as Debtor's CEO. There is no reason to expect Castiel to be any more cooperative with a trustee than he has been with the Creditors and the Court. The trustee would still face the same obstinacies in obtaining documents and disclosure from Castiel. It is unclear exactly what benefits appointment of a trustee would bring other than adding cost and time to the Creditors. Castiel has already paid himself all available funds from Debtor and interposed his own objections (as a creditor) to the claims of other creditors who have voted for the Mann Plan. A trustee would not change this.

B. The Motions by Debtor's Counsel to Withdraw Provide No Basis for Appointment of a Trustee. The motions by Debtor's Counsel to withdraw are without merit as discussed in the Opposition to Motion to Reconsider This Court's Order Denying Withdrawal filed by These Creditors, which is incorporated herein by reference. The appointment of a trustee would not relieve Debtor's Counsel of their representation, unless substitute counsel could be found (and which Debtor's Counsel says Debtor has been unable to find) – an unlikely prospect given that Debtor is administratively insolvent.

C. The Election of a Trustee Requires Allowable Claims Resolution. Appointment of a trustee would require an election by the Creditors that would make more pressing the

---

[2] Indeed, appointment of a trustee would not, as it could not, undo the "bad faith" actions of Castiel, which spawned this bankruptcy. While These Creditors have been aggressive in protecting their legal rights, they have done nothing illegal, unethical, or even untoward in this proceeding; or in any other manner.

3

requirement to resolve the outstanding claims objections. Appointment of a trustee only acerbates this necessity.

3. <u>Appointment of a Trustee Could Jeopardize Reorganization.</u>

  A. <u>There is a plan for reorganization, which is supported by the vast majority of non-insider Creditors</u> (both in number and amount of claims). These is discussed in item 1 above and if, indeed, creditors favor the plan the presence of a trustee will merely serve to delay and add cost to the Mann Plan confirmation.

  B. <u>Any Trustee Would Need to Be Knowledgeable in the Satellite Industry.</u> The <u>remaining</u> Debtor's assets are Intellectual Property in a very specialized and highly technical business. According to the Debtor's disclosure statements, the amounts of financing which must be procured range from $750 million to over two billion dollars to launch an initial satellite system which may or may not happen in a five to seven-year timeframe. All of this before there is any prospect of a return on investment in esoteric Intellectual Property. There are very few "players" in this game, John B. Mann is one of them and brings a unique expertise to this situation.[3] The Mann Plan invites the creditors in this case to share in the risk and reward by providing a mixture of cash and warrants. It is the view of These Creditors that no trustee could be found (at any price) who would bring the combination of engineering expertise, financing capabilities, and industry experience that John B. Mann offers. This is not a case where knowledge of bankruptcy procedure will suffice to secure a favorable result

  C. <u>Any Delays Caused by Appointment of a Trustee Could Be Disastrous to the Reorganization Efforts.</u> The value, if any, in Debtor can be extracted, not from some

---

[3] John B. Mann hereby states that he has commitments for the first tranches of financing, and strong interest for participants in the thirty million dollar ($30,000,000.00) tranche.

4

intrinsic value in the patents, but only from adroit application of business acumen. Financing commitments are fleeting and must be timely consummated. The problems surrounding Debtor caused by the twenty year stewardship of David Castiel cannot be ignored when realistically assessing Ellipso's prospects. Castiel has been striving for ten years to raise capital – <u>unsuccessfully.</u> While the abstract notion that a trustee might be able to entice some other unidentified party to offer more than the Mann Plan is appealing, such a notion is highly questionable. The Mann Plan is real and immediate. Failure, through delay, to seize this opportunity would prove disastrous for the creditors.

4. <u>Appointment of a Trustee at This Time Needlessly Obligates the Estate for Unnecessary Costs and Expenses.</u>

With confirmation of the Mann Plan awaiting only resolution of as few as two claims, appointment of a trustee is superfluous. Once appointed, a trustee becomes entitled to his statutory fee, regardless of his contribution to resolution of the bankruptcy. Considering the imminent confirmation of the Mann Plan, imposing such costs on the Debtor (in reality the Creditors) is unwarranted.

5. <u>Appointment of a Trustee at This Time Is Not in the Best Interests of the Creditors.</u>

The Trustee's Motion seeks appointment of a trustee only on 11 U.S.C. § 1104(a)(2) and (a)(3), which require a finding that the appointment, "…is in the best interests of the creditors and the estate." Here there is no operating business and thus no depletion of assets through unprofitable operations. The depletion here is solely from the passage of time which reduces the time available to utilize the patents. Some of the patents expire in 2012 and are not renewable so their expired value is $0; a significant factor when considering the five or more years it takes to build and launch a complex satellite system.

5

Appointment of a trustee carries the danger that any reorganization of Debtor will be further delayed – perhaps beyond the point where any reorganization is possible. Such a result cannot be "in the best interests of the creditors."

<u>6. Consideration of This Motion to Appoint a Trustee Should Be Continued to February 16, 2010, Following a Determination of the Confirmability of the Mann Plan Concomitant with Eligibility of Creditor Votes on a Trustee.</u>

Deferral of this Motion to Appoint Trustee to permit confirmation of the Mann Plan is in the best interests of the creditors and the estate. No substantial benefits would be derived from appointment of a trustee at this time, while there would be very concrete costs and dangers from deferral or postponement of confirmation of the Mann Plan. Moreover, it is unclear at this time whether dismissal (or conversion to chapter 7 as proposed by Debtor) might be the better alternative to appointment of a chapter 11 trustee. To appoint a chapter 11 trustee at this time would be to pre-judge the Debtor's Conversion Motion, and to preclude other Creditors and parties in interest from moving for dismissal, in the event the Mann Plan is not confirmed. No purpose is served by deciding the Trustee's Motion at this time.

WHEREFORE, These Creditors move This Honorable Court to either a) Deny the Motion to Appoint a Chapter 11 Trustee, without prejudice to renew said motion in the event the Mann Plan is not confirmed, or b) to continue consideration of this motion until after determination of the confirmability of the Mann Plan on February 6, 2010.

Respectfully submitted

_____ /s/ Ronald B. Patterson, Esq._____
Ronald B. Patterson, Esq.

D.C. Bar No. 224915
P.O. Box 1756
Alexandria, Virginia 22313
(571) 274-0782

*/s/ John B. Mann*

John B. Mann, Creditor, pro se
9330 Harts Mill Road
Warrenton, Virginia 20186
(540) 974-2526

*/s/ Robert Patterson*

Robert Patterson, Creditor, pro se
9330 Harts Mill Road
Warrenton, Virginia 20186
(202) 412-2404

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2010, true copies of the foregoing Response to Motion to Appoint a Chapter 11 Trustee was served electronically using the Court's Electronic Case Filing System and upon the Debtor, the United States Trustee, and all creditors and parties in interest entitled to receive such notice, and upon the following by first class mail, postage prepaid:

Martha L. Davis, Esquire
Office of the United States Trustee
115 S. Union Street, Room 210
Alexandria, VA 22314

Kermit A. Rosenberg, Esquire
Butzel, Long, Tighe, Patton, PLLC
1747 Pennsylvania Avenue, N.W., Third Floor
Washington, D.C. 20006-4604


/s/ Ronald B. Patterson, Esq.

7