The document below is hereby signed.

Signed: March 05, 2010.



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ELLIPSO, INC., | ) | Case No. 09-00148 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER RE BILL OF COSTS
SUBMITTED BY ROBERT PATTERSON PURSUANT TO THE
ORDER GRANTING HIS MOTION TO HOLD DAVID CASTIEL
IN CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH
<u>THIS COURT'S ORDERS OF SEPTEMBER 9, 2009, AND OCTOBER 7, 2009</u>

This court's order (Dkt. No. 482) holding David Castiel in contempt directed that Robert Patterson recover his taxable costs. Patterson has filed a bill of costs.

Castiel objects that the bill of costs was filed late, but Castiel moved for reconsideration within the time-limit of Fed. R. Civ. P. 59, with the consequence that the deadline for Patterson to file his bill of costs would begin to run anew upon disposition of the motion to reconsider. Patterson filed the bill of costs before the court disposed of the motion to reconsider, and thus the bill of costs was timely.

Nevertheless, the bill of costs must be disallowed.

Patterson did not verify the bill of costs as required by 28 U.S.C. § 1924.  That defect can be cured, and I will grant Patterson leave to file an amended bill of costs within 21 days after entry of this order.

Some of the costs Patterson claimed ought not to have been claimed.  Costs are awarded under the authority of Fed. R. Civ. Proc. 54(d) and within the constraints of 28 U.S.C. § 1920, which "define[s] the full extent of a federal court's power to shift litigation costs absent express statutory authority to go further."  *W. Va. Univ. Hosps. v. Casey*, 499 U.S. 83, 86 (1991). In keeping with the American rule such costs are awarded "sparingly" and should be "given careful scrutiny."  *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964).  However, "it is clear in this Circuit that, as long as the costs of items for which a party seeks reimbursement are statutorily authorized, there is a strong presumption in favor of an assessment against the losing party." *Zdunek v. Washington Metro. Area Transit Auth.*, 100 F.R.D. 689, 692 (D.D.C. 1983) (citing *Sun Ship, Inc. v. Lehman*, 655 F.2d 1311 (D.C. Cir. 1981)).

Allowable costs are enumerated in 28 U.S.C. § 1920, which provides:

> A Judge or clerk of any court of the United States may tax as costs the following:
>    (1) Fees of the clerk and marshal;
>    (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

>    (3) Fees and disbursements for printing and
>    witnesses;
>    (4) Fees for exemplification and copies of papers
>    necessarily obtained for use in the case;
>    (5) Docket fees under section 1923 of this title;
>    (6) Compensation of court appointed experts,
>    compensation of interpreters, and salaries, fees,
>    expenses, and costs of special interpretation
>    services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon
> allowance, included in the judgment or decree.

Such costs do not include travel, parking, or postage costs, and thus the bill of costs will be denied with respect to those items.  *See Zdunek*, 100 F.R.D. at 692; *Postow v. Oriental Bldg. Ass'n*, 455 F. Supp. 781, 792 (D.D.C. 1978); *Richerson v. Jones*, 506 F. Supp. 1259, 1267 (E.D. Pa. 1981).  The courts reason that these out-of-pocket costs "are general expenses incurred during the course of every lawsuit and they are not taxable costs." *Zdunek*, 100 F.R.D. at 692.

The bill of costs includes $8.00 for "[p]rinting and copies" and $12.60 for "Printing, copies, and postage for Bill of Costs." As stated in *Corsair Asset Management, Inc. v. Moskovitz*, 142 F.R.D. 347, 352 (N.D. Ga. 1992), a "party seeking the recovery of [copying] costs must show that the copies were necessary and provided either to the court or the opposing party."  Fees for copying papers generally will not be allowed "for the convenience, preparation, research, or records of counsel." *See Fressell v. AT&T Techs.*, 103 F.R.D. 111, 115 (N.D. Ga. 1984). Use of an admittedly imprecise total of copies does not suffice,

3

*Robertson v. McCloskey*, 121 F.R.D. 131, 134 (D.D.C. 1988), nor, it follows, will an estimate by the court.  A bill of costs ought to provide details such as which papers were copied, the number of copies, the cost per page, and why they were copied (for example, whether these were merely copies for the records of Patterson).  Without such detail, a court is unable to determine whether the costs were necessary or reasonable, and thus is unable to approve the copying fees.  *See id.*; *Ortega v. City of Kansas City*, 659 F. Supp. 1201, 1218-19 (D. Kan. 1987); *Fressell*, 103 F.R.D. at 115.  However, Patterson will be allowed to provide more detailed information on his copying costs in any amended bill of costs he timely files.

Accordingly, it is

ORDERED that the bill of costs filed by Robert Patterson is disallowed, but Robert Patterson is granted leave within 21 days after entry of this order to file an amended bill of costs.

[Signed and dated above.]

Copies to:

Debtor's attorney; Office of U.S. Trustee; and:

Robert Patterson
9330 Harts Mill Rd.
Warrenton, VA 20186
c/o J. Mann

David Castiel
2831 44th Street, NW
Washington, D.C. 20007