UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re:                                              )
                                                    )    Case No. 09-00148
ELLIPSO, INC.,                                      )    (Chapter 11)
                                                    )
            Debtor.                                 )
_____)

### BRIEF OF LINDA N. AWKARD IN SUPPORT OF HER PROOF OF CLAIM

In accordance with the direction of the Court, I, Linda N. Awkard, submit the following brief in support of her proof of claim in this case.

The proponents of the plan are correct that the corporate status of Awkard & Associates, Chartered was revoked. It was revoked in 2001.

For each of two reasons, however, I ask the Court to allow my claim.

A.  **The Engagement by Ellipso, Inc. Was of Me, the Contract Was Binding on Me, and I Performed the Contract.**

The first sentence of the retainer agreement states, "ELLIPSO, INCORPORATED . . . does hereby retain and employ Linda N. Awkard of Awkard & Associates . . . ." As shown by the signature lines, "Awkard & Associates" was intended to refer to Awkard & Associates, Chartered, and the invoices were rendered in that name.

However, the engagement letter specifically recites that Ellipso retained me to represent it ("does hereby retain and employ Linda N. Awkard . . ."). That I was "of" Awkard & Associates was merely descriptive of who I was.

The fact that Awkard & Associates, Chartered was not in good standing (legally did not exist) was no bar to the contract that existed between me and Ellipso. I signed, individually, on behalf of Awkard & Associates, Chartered. The material provisions of the contract were obligations owed to me or required of me. Therefore, I was personally

liable on the engagement. *See* D.C. Code § 29-101.139 ("All persons who assume to act as a corporation without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof."). This is consistent with the general rule of agency law that someone who signs a contract as the purported agent of a nonexistent principal is personally liable on the contract. *Resnick v. Abner B. Cohen Advertising, Inc.*, 104 A.2d 254, 255 (D.C. Mun. App. 1954) ("In this jurisdiction an agent who enters into a contract . . . does not escape liability by purporting to act for a fictitious or nonexistent principal."); *Downs v. Bankhead*, 44 App. D.C. 101, 1915 WL 20784 at *3 (1915) (same).

Because I was the only person employed to perform services under the engagement, and I was the person who, by law, was liable under the agreement, the engagement agreement was fully enforceable as between me and Ellipso.

My having rendered invoices in the name of Awkard & Associates, Chartered does not negate the enforceability of my claim for services to Ellipso. I was the person whom Ellipso employed to do the work, all of the bills are for my time, and all of my work was performed. The invoices accurately referred to the work that I did, as I was engaged to do, and I am entitled to be compensated for that work—and would be entitled to such compensation even if no bills had been rendered at all.

**B.     Even if I Were Not Entitled to Compensation Under the Written Engagement, I Should be Entitled to Compensation on the Basis of Quantum Meruit.**

As I argue above, I believe that there was a contract between me and Ellipso. However, if there was no contract between me and Ellipso, I submit that I was entitled to be compensated for the work that I performed in the absence of a contract under the doctrine of quantum meruit. "'Quantum meruit' [claims] encompass[ ] both implied-in-

2

law obligations ('quasi contracts') as well as implied-in-fact contracts." *Fred Ezra Co. v. Pedas*, 682 A.2d 173, 176 (D.C.1996) (quoting *TVL Assocs. v. A & M Constr. Corp.*, 474 A.2d 156, 159 (D.C.1984)). The elements required to be shown in order to recover under quantum meruit are:

> (1) valuable services . . . rendered [by me]; (2) for the person sought to be charged [here, Ellipso]; (3) which services were accepted by the person sought to be charged, and enjoyed by[it]; and (4) under such circumstances as reasonably notified the person sought to be charged that [I], in performing such services, expected to be paid.

*New Economy Capital, LLC v. New Markets Capital Group*, 881 A.2d 1087, 1995 (DC, 2005) (citations omitted). There can be no doubt from the only writing (the engagement letter) that Ellipso new and intended that I—and only I—perform the services to be rendered and that, whether through my (lapsed) corporate entity or otherwise, I was the one to benefit from the payment for my services. See *In re Rich*, 337 A.2d 764 (D.C. 1975) (allowing compensation in the absence of an enforceable contract where the above elements were met). Indeed, in filing my proof of claim I signed it , individually , as my claim was based upon the retention of me personally by Ellipso, Inc. and the delivery of services by me personally and the acknowledgement, receipt and acceptance of my services by Ellipso with the expectation and agreement that I would paid for all of such services.

WHEREFORE, I request that my proof of claim be allowed.

_____
Linda N. Awkard

3

## Certificate of Service

I hereby certify that on March 12, 2010, I mailed copies of the foregoing brief, US first-class postage prepaid, to the following:

Linda M. Correia, Esq.
Webster, Fredrickson,
Correia & Puth, PLLC.
1775 K Street, N.W., Suite 600
Washington, DC 20006

Martha L. Davis, Esq.
Office of the U. S. Trustee
115 S. Union Street
Suite 210
Alexandria, VA 22314

Mr. John Mann
9330 Harts Mill Road
Warrenton, VA 20186

Mr. Robert Patterson
c/o Mr. John Mann
9330 Harts Mill Road
Warrenton, VA 20186

Ronald Patterson, Esq.
Ronald B. Patterson, Esq.
P.O. Box 1756
Alexandria, VA 22313

Kermit A. Rosenberg, Esq.
Butzel Long Tighe Patton, PLLC
1747 Pennsylvania Ave., N.W., Suite 300
Washington, DC 20006

Linda N. Awkard