## UNITED STATES BANKRUPTCY COURT
## FOR
## THE DISTRICT OF COLUMBIA

In re:  Ellipso, Inc.
Chapter 11                                                                                No. 09-00148
Filed:  February 25, 2009

Re:  Claim No. 6, Robert B. Patterson,
     Claim No. 7, John B. Mann,
     Claim No. 10, Mann Technologies, LLC, and
     Claim No. 11, The Registry Solutions Company

## ADDENDUM TO CLAIMS NUMBERS 6, 7, 10, and 11

COME NOW, Creditors Robert B. Patterson, John B. Mann, Mann Technologies, LLC, and The Registry Solutions Company, ("Creditors" or "These Creditors") and file this Addendum to Claims pursuant to this Court's Order, Docket No. 887, as Supplemented and Revised in open Court on April 27, 2010.  These Creditors wish to object to the proposed order as it is more in the nature of interrogatories than an order to provide a more definite statement.  The proposed order repeats interrogatories to which responses have already been made; and is duplicative, unreasonably burdensome and is violative of the procedural requirements for discovery in this Court.  Without waiving any of these objections, these Creditors make the following responses to the numbered paragraphs of the Order:

Paragraph 1:  The numbered counts asserted against the Debtor are clearly designated in the portion of the Complaint titled, "SPECIFIC ALLEGATIONS AND COUNTS AGAINST EACH DEFENDANT" on page 62, and specifically the section there under titled "ELLIPSO, INC. (DEBTOR),("Ellipso" or "Debtor"):" at page 62 through 79 detailing the federal racketeering claims asserted against Ellipso; and the section titled

"OTHER FEDERAL AND STATE LAW CLAIMS AGAINST ELLIPSO" at page 79 through page 100. Each and every count alleged against Ellipso starts with the name in all caps/bold "ELLIPSO-COUNT ___". These are counts Roman I through XXVIII. [The page numbers set forth here refer to the Complaint as filed in the United States District Court which is appended hereto and is to be substituted for the prior draft version submitted with the prior proofs of claim.]

Paragraph 2: Appended hereto are statements of damages for each Plaintiff. Due to the overlapping and interdependent causation of the damages [e.g. The various illegal acts of the criminal conspirators were directed at the destruction of each plaintiff and his business, not one specific act directed at causing one specific damage to one individual plaintiff.] it is impossible to segregate the damages individually attributable to each count(s) [e.g. Many of the illicit acts were directed at seeking to force the plaintiff, MannTechnologies, LLC, to relinquish the ICO stock; however many of these acts, such as the slander, were directed at the other plaintiffs as well.] [e.g. The theft of the 881 revenues was directed at The Registry Solutions Company, but the theft deprived the plaintiffs collectively of necessary operating capital and income.] The one hundred twenty seven page Complaint and more than two hundred pages of attached exhibits certainly informs the defendant Ellipso in excruciating detail of the claims asserted against it. Moreover, each count I through XXVIII contains a specific damage allegation setting forth the damages asserted in that count.

Paragraph 3: The actions/conduct of the Debtor upon which each count is based is set forth in the Preliminary Statement, page 2-6, in the section describing the Parties Defendant, page 6-19, in the Statement of Facts, p 19-62, and in each specific count of

the Complaint. Each person and/or business entity involved in the alleged criminal racketeering and other activities is identified in the Complaint and his/her/its specific role/actions are specified to the extent currently known to the plaintiffs.

Paragraph 4: This paragraph is nonsensical. If it seeks more specifics pertaining to the defamation count, Count XXIV, p. 97; plaintiffs state that on information and belief, Debtor, through its CEO and principle owner, David Castiel, knowingly published, or caused to be published, false, hurtful, derogatory, slanderous statements concerning plaintiffs. The nature of these false and harmful statements appears in the bad faith law suit; which upon information and belief, plaintiffs assert were repeated outside the protection of the courthouse. The specific dates, statements, audiences, etc. are within the knowledge of Debtor, and its officers and employees, and will be provided as discovery progresses.

Paragraph 5: The Complaint asserts no claims based on D.C.Code §§ 28-501 et seq. For purposes of this response, these creditors will assume the reference is to sections 28-4501 et seq. Plaintiffs object to this interrogatory as it calls for a legal conclusion as to what, "was not at issue" in prior legal proceedings. Moreover, it cannot be answered as the phrase, "was not at issue" defies rational interpretation. The dates of each act upon which the counts rely are clearly set forth in the Complaint, and in many instances are continuing. Additional specifics concerning individual(s) and act(s) can be provided as discovery progresses. Debtor possessed the only authorized international telephone codes authorized to operate over the PSTN in the absence of satellite services. Debtor sought to control this market by excluding plaintiffs from operating in that market space.

Paragraph 6: The plaintiffs' assets were frozen; the malicious prosecution was expanded and extended; and a campaign of slander and libel was conducted against Plaintiffs. These actions resulted, as intended by Debtor, in causing the destruction of plaintiffs' businesses and the squandering of plaintiffs' resources as more fully set forth in the attached statements of damages for each plaintiff.

Respectfully submitted

_____/s/_____
Ronald B. Patterson, Esq.
Counsel for Mann Technologies, LLC, and
The Registry Solutions Company
D.C. Bar No. 224915
P.O. Box 1756
Alexandria, Virginia 22313
(571) 274-0782

_____
John B. Mann, Creditor, pro se
9330 Harts Mill Road
Warrenton, Virginia 20186
(540) 974-2526

_____
Robert Patterson, Creditor, pro se
9330 Harts Mill Road
Warrenton, Virginia 20186
(202) 412-2404

CERTIFICATE OF SERVICE

      I hereby certify that on May 5, 2010, true copies of the foregoing was served electronically using the Court's Electronic Case Filing System and upon the Debtor, the United States Trustee, and all creditors and parties in interest entitled to receive such notice, and upon the following by first class mail, postage prepaid:

      Martha L. Davis, Esquire
      Office of the United States Trustee
      115 S. Union Street, Room 210
      Alexandria, VA 22314

      Wendell W. Webster, Esquire
      1775 K Street, N.W.
      Suite 600
      Washington, D.C. 20006

      Neal Goldfarb, Esquire
      Kermit A. Rosenberg, Esquire
      Butzel Long Tighe Patton, PLLC
      1747 Pennsylvania Avenue, N.W., Suite 300
      Washington, D.C. 20006-4604

    /s/ Ronald B. Patterson, Esq.