UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re. | Case No. 09-00148 |
| | (Chapter 11) |
| ELLIPSO, INC. | |
| Debtor | |

# RESPONSE OF MARK S. ZAID P.C. TO
# OBJECTION OF JOHN PAGE TO CLAIM OF MARK S. ZAID P.C.

On May 3, 2010, John Page ("Page") filed an Objection to the Claim of Mark S. Zaid P.C. ("Zaid P.C."). Dkt. No. 900. Page incorrectly characterizes Zaid P.C.'s claim as a proof of claim. Zaid P.C. never filed a proof of claim. Instead, Zaid P.C. was listed by the Debtor as a creditor with a claim in the amount of $10,000 in Debtor's Schedule F filed on March 25, 2009. Dkt. No. 46.

Page asserts that Zaid P.C.'s claim is prohibited under the statute of limitations and the statute of frauds. He additionally states that his assertions are based on testimony that the undersigned gave at an April 5, 2010, hearing held by this Court. Page alleges that the undersigned testified that:

> a) the claim is solely for professional fees arising from legal services provided by Zaid prior to 2004, b) prior to this bankruptcy Zaid's most recent contact with the Debtor was in 2004, and c) that most recent contact Zaid had with the Debtor was restricted solely to Zaid's successful attempts to recover part of its security deposit on office space it sub-let from the Debtor, the remainder of the security deposit having been written off by Zaid.

This response is hereby submitted to clarify the basis for Zaid P.C.'s claim and any misconceptions that may have arisen from the undersigned's testimony.

**FILED**

JUN 0 1 2010

Clerk, U.S. District and
Bankruptcy Courts

I declare under penalty of perjury that the following factual representations are true and correct to the best of my knowledge.

1. I was introduced to David Castiel by James Bailey, a friend, colleague and social acquaintance, in or around the summer of 2002. Bailey had informed me that Ellipso had space available that my then law firm, Krieger & Zaid, PLLC, might be able to sublet and that the company might also be interested in using my legal services. Krieger & Zaid, PLLC no longer exists and all relevant operations pertaining to Ellipso were assumed by my firm Zaid P.C., which has been in continual operation since in or around 1998. All references herein will be to Zaid P.C.

2. Effective September 1, 2002, my law firm signed a sublease with Ellipso for office space and the sharing of facilities. The rent was $4,400 per month and a security deposit of $4,400 was paid.

3. Shortly after I moved into the Ellipso office space, Ellipso retained me to represent it in litigation with Peter Sahagen in the Southern District of New York.

4. In mid-June 2003, we were required on very short notice to move out of our office space when Ellipso vacated the premises. Ellipso eventually returned $2,200 of Zaid P.C.'s security deposit but to date has never repaid the remaining $2,200.

5. I represented Ellipso in the New York Sahagen litigation until at least December 20, 2004, as is reflected in an invoice I sent to Ellipso dated May 5, 2005. As of June 15, 2005, the balance due to Zaid PC for legal services rendered to Ellipso was $13,564.79. A copy of my June 13, 2005, e-mail to Castiel submitting the May 5, 2005 invoice is attached hereto as Exhibit 1.

2

6.      During 2005, I spoke repeatedly with Bailey about the need for Ellipso to pay the legal fees that Zaid P.C. was still owed as well as the remainder of the security deposit. From that time on, I primarily communicated with Ellipso through Bailey.

7.      On February 14, 2006, I sent an e-mail to Castiel and Bailey asking to resolve the debt to Zaid P.C. of approximately $14,000 in legal fees and the half of the security deposit that was never repaid. A copy of the February 14, 2006, e-mail is attached hereto as Exhibit 2.

8.      On February 21, 2006, Bailey sent me an e-mail proposing that Ellipso settle its debt to Zaid P.C., including both the legal fees and security deposit, for $10,000. I responded on the same day that I accepted the offer to settle legal fees for $10,000, but still wanted full payment of the remainder of the security deposit. A copy of both e-mails is attached as Exhibit 3 (my response is added after Bailey's e-mail).

9.      By a further e-mail dated February 22, 2006, Bailey told me that he thought $10,000 was a reasonable settlement for the entire approximately $16,000 of debt, no matter how the debt were allocated. He further stated that Castiel had offered to pay Zaid P.C. in five $2,000 checks, pre-dated, but that the payments would need to be spread out. A copy of the February 22, 2006, e-mail is attached hereto as Exhibit 4.

10.     In early April 2007, I had lunch with Bailey and he informed me that Castiel would pay Zaid P.C. $10,000 as soon as Ellipso had the cash to do so. I then told Bailey that I agreed to accept $10,000 as settlement of Ellipso's debt to Zaid P.C. for legal services rendered. By that time I had concluded that it was not cost effective to sue for the remaining security deposit.

11.    Ellipso never made a payment on that $10,000 settlement and Zaid P.C. never sued for return of the outstanding security deposit. Ellipso recognized its debt to Zaid P.C. for legal services rendered by listing $10,000 as the debt owed on the Schedule F form filed on March 25, 2009. Zaid P.C. never filed a proof of claim for the $2,200 owed on the security deposit.

12.    As noted above, Zaid P.C. is the successor firm to Krieger & Zaid, PLLC, for purposes of the Ellipso debt.

Page's contention that Zaid P.C.'s claim is precluded by the three-year statute of limitations is erroneous because Ellipso acknowledged its debt of $10,000 to the undersigned's firm in a settlement reached within the three-year period and Zaid P.C. agreed to forebear any collection effort. Similarly, the argument that Zaid P.C.'s claim violates the statute of frauds is also meritless. In the District of Columbia, the statute of frauds only applies to "an agreement that is not to be performed within one year from the making thereof." D.C. Code §28-3502 (2001). At the time Zaid P.C. entered into the agreement with Ellipso, Zaid P.C. fully expected payment to occur with at least one year.

Therefore, Page's Motion should be denied.

Dated: June 1, 2010

                                              Respectfully submitted

                                              */s/ Mark S. Zaid*
                                              Mark S. Zaid, Esq.
                                              Mark S. Zaid, P.C.
                                              1250 Connecticut Ave., NW
                                              Suite 200
                                              Washington, D.C. 20036
                                              (202) 454-2809

# EXHIBIT 1

**From:** ZaidMS@aol.com [mailto:ZaidMS@aol.com]
**Sent:** Monday, June 13, 2005 4:55 PM
**To:** dcastiel@ellipso.com
**Cc:** JStern5000@aol.com; ghelman@ellipso.com; Jim.Bailey@verizon.net; dtaylor@tighepatton.com; TPatton@tighepatton.com; kriegerr@att.net; ZaidMS@aol.com
**Subject:** Ellipso Invoice

David -

Please find attached the long overdue invoice for professional services rendered by Krieger & Zaid, PLLC since November 2004. As you know, we ran into some problems with our billing service and these invoices fell by the wayside. However, we have retained a new service and all invoices will now be timely sent at the end of each month.

This invoice reflects work performed from November 1, 2004 - April 30, 2005. As you know, we are no longer providing professional services to Ellipso due to your failure to pay our fees and, more importantly, failure to repay our remaining share of the security deposit. Of course, we left you in good hands with Tighe Patton.

If there is a settlement of the case, we obviously expect our invoice to be fully satisified shortly thereafter. Even if no settlement, we do expect and will require you to eventually satisfy the debt. We absolutely expect that you will immediately repay the remaining half of our security deposit. At some point in time we will take some action to pursue these funds particularly given that the seizure of our security deposit was a criminal act and cannot be tolerated.

Please note that we have moved and our new address is both listed below and indicated on the invoice.

If you have any questions, please do not hesitate to contact me.

Mark

This electronic mail (e-mail) transmission is meant solely for the person(s) to whom it is addressed. It contains confidential information that may also be legally privileged. Any copying, dissemination or distribution of the contents of this e-mail by anyone other than the addressee or his or her agent for such purposes is strictly prohibited. If you have received this e-mail in error, please notify me immediately by telephone, facsimile or e-mail and purge the original and all copies thereof. Thank you.

Mark S. Zaid, Esq.
Krieger & Zaid, PLLC
1920 N Street, N.W.
Suite 300
Washington, D.C. 20036
(202) 454-2809 direct
(202) 223-9050 main
(202) 223-9066 fax

**KRIEGER & ZAID, PLLC**

1920 N Street, N.W.
Suite 300
Washington, DC 20036

(202) 223-9050

(202) 223-9066 Fax


Invoice submitted to:
David Castiel
Ellipso
1133 21st Street, N.W.
Washington DC 20036


05/31/2005


Invoice #10114


Professional Services

|  |  | Hours | Amount |
|---|---|---|---|
| 11/10/04 Review letter to Court; E-mails | MSZ | 0.10 |  |
| 12/20/04 Meeting w/DT, JC | MSZ | 0.30 |  |
| For professional services rendered |  | 0.40 | $120.00 |
| Previous balance |  |  | $13,444.79 |
| Balance due |  |  | $13,564.79 |

Note: Additional costs may be billed next month when they are available.

Please make checks payable to Krieger & Zaid, PLLC

Payment is due upon receipt of invoice.

Timekeeper Summary

| Name | Hours | Rate |
|---|---|---|
| Mark S. Zaid | 0.40 | 300.00 |

# EXHIBIT 2

-----Original Message-----
**From:** ZaidMS@aol.com [mailto:ZaidMS@aol.com]
**Sent:** Tuesday, February 14, 2006 10:10 PM
**To:** dcastiel@ellipso.com; Jim.Bailey@verizon.net; JStern5000@aol.com
**Cc:** TPatton@tighepatton.com; dtaylor@tighepatton.com; kriegerr@att.net; ZaidMS@aol.com
**Subject:** Ellipso Litigation

Will someone please advise me where things stand with the Ellipso litigation? Months ago we were told of a possible settlement but I have heard nothing further nor been provided with any documents. As far as I know, I am still listed as a counsel of record.

We are also still due attorney's fees dating back years that total approximately $14,000, not to mention the remaining half of our security deposit ($2,000) that was unlawfully converted for improper use.

It is time we arrange for a final resolution of these debts.

Mark

# EXHIBIT 3

**From:** ZaidMS@aol.com [mailto:ZaidMS@aol.com]
**Sent:** Tuesday, February 21, 2006 11:58 PM
**To:** jim.bailey@verizon.net
**Cc:** kriegerr@att.net; ZaidMS@aol.com
**Subject:** Re: please call

In a message dated 2/21/2006 5:47:21 PM Eastern Standard Time, jim.bailey@verizon.net writes:

I was in WI last week, and Liz is headed to MN this week. I may – say again – may be in NJ Thursday. Do they have phones in MN, yet?

*Well, I'm using my cell phone. :)*

I just wanted to propose that David settle his debt to you. I'm suggesting $10,000 total (sec. deposit and fees), with $2,000 paid on agreement and $2,000/month for four more months. Let me know, please.

*Jim, I appreciate the assistance. I'd be cool with this with respect to fees (which are somewhere around $14,000) but excluding the remaining portion of the security deposit ($2,200). We really shouldn't have to negotiate against having our deposit returned. It was pure theft, plain and simple. I don't care if we can just resolve this in a fair way. No problem with the proposed time frame.*

*Let me know. Thanks.*

*Mark*

---

Note: Bailey e-mail at 5:47:21 PM in standard font. Zaid reply e-mail at 11:58 PM in bold, italics font.

# EXHIBIT 4

**From:** Jim.Bailey@verizon.net [mailto:jim.bailey@verizon.net]
**Sent:** Wednesday, February 22, 2006 9:40 AM
**To:** 'ZaidMS@aol.com'
**Subject:** RE: please call

Mark,

Cell phones work well in MN, or so at least my family there tells me! I am fond of Minnesota. It's often difficult, demographically, politically and topographically, to really know where lies the border between MN and my home state, Wisconsin. I hope you're enjoying.

I don't think it's necessary to characterize the settlement funds as "returned security deposit" or "fees," just as "settlement of all liabilities that may exist between A and B," even though I recognize your complaints about the security deposit. I had hoped that, when I moved out "in advance of the Sheriff," you and Roy would, as well, make preparations; you had a difficult situation.

On a base of approximately $16,000, I think $10,000 is reasonable number, and I can get you an initial check right away, for $2,000. Castiel offered to give you all five $2,000 checks, pre-dated, but he's got to spread the payments out.

Let me know, please. Travel safe.

Jim

James H. Bailey, Esq.
1275 K Street, NW ~ Suite 770
Washington, DC 20005, U.S.A.

Direct:    202.862.3980
Fax:       202.862.3989
Cell:      202.374.1990
Res:       703.333.2888
Res. Fax:  703.333.2889

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2010, the foregoing **RESPONSE OF MARK S. ZAID P.C. TO OBJECTION OF JOHN PAGE TO CLAIM OF MARK S. ZAID P.C.** was delivered by hand to the court and true copies were served upon the following by first class mail, postage prepaid:

John Page
1077 30th Street, NW, #411
Washington, DC 20036

Kermit Rosenberg, Esq.
Butzel Long Tighe Patton, PLLC
1747 Pennsylvania Avenue NW 3rd Floor
Washington DC 20006-4604

Martha Davis, Esq.
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, VA 22314

Wendell Webster
Webster, Fredrickson & Brackshaw
1775 K Street, NW
Suite 600
Washington, DC 20006

_____
Mark S. Zaid