UNITED STATES BANKRUPTCY COURT
FOR
THE DISTRICT OF COLUMBIA

IN RE:  ELLIPSO, INC., DEBTOR                                    NO. 09-00148
CHAPTER 11                                            FILED:  FEBRUARY 25, 2009

CLAIMS NO. 6, 8, 10, AND 11

---

## MOTION TO STRIKE THE MOTION *IN LIMINE* OF BUTZEL, LONG, TIGHE, PATTON, PLLC, FOR FAILURE TO COMPLY WITH THE APPLICABLE NOTICE REQUIREMENTS OR IN THE ALTERNATIVE TO CANCEL THE HEARINGING SET FOR JUNE 4, 2010, and ENLARGE THE TIME FOR RESPONSE TO AND INCLUDING JUNE 18, 2010

—————————————————————————————————————————————————

COMES NOW, Creditors, MannTechnologies, LLC, The Registry Solutions Company, John B. Mann, and Robert B. Patterson, ("Creditors", or "These Creditors"), and moves to Strike the Motion *In Limine* filed by Butzel, Long, Tighe, Patton, PLLC, ("BLTP") for failure to comply with the applicable Notice Requirements; or in the alternative to cancel the hearing set for June 4, 2010, and Enlarge the Time to Respond to the Motion to and including June 18, 2010.  In support of this Motion, These Creditors state as follows:

1.  On May 25, 2010, BLTP filed the instant, Motion *In Limine,* together with a Notice of Right to Object and Proposed Order.  The Notice of Right to Object states that objections must be filed on or before June 3, 2010, only eight (8) days after the filing and service of the Motion.  BLTP has subsequently scheduled a hearing on the Motion on June 4, 2010, only nine (9) days after the filing and service of the Motion.[1]  No motion to shorten time has been filed with this Motion.

---

[1] The postage stamp shows that the Notice and Motion were actually mailed on May 26, 2010, not on May 25, 2010, as is certified by Daniel William Sullivan, Esquire, in the Certificate of Service.

1

2.  Local Bankruptcy Rule 9013-1(4) provides:

> (4) Deadline For Objection. Within eleven (11) days of service of the motion (or such other time as provided by the Federal Rules of Bankruptcy Procedure), the party upon whom the motion is served shall file and serve an objection containing a complete specification of the factual and legal grounds upon which the motion is opposed, together with a proposed order setting forth the requested disposition.

This Rule has subsequently been amended to require fourteen (14) days notice to object.

3.  The Motion does not comply with the Rules of this Court, and should be stricken, without prejudice to a subsequent refilling that does comply with the Rules.

4.  The Motion raises, for the first time, novel and heretofore unanticipated legal issues requiring considerable legal research to enable These Creditors to make an adequate response.   [The Motion cites obscure cases from various jurisdictions throughout the country, which appear to have nothing to do with bankruptcy law.]  The unauthorized shortening of the response time places These Creditors at an unfair disadvantage in responding to the Motion.[2]

5.  The unilateral setting of the hearing on June 4, 2010, also places These Creditors at an unfair disadvantage.  With adequate notice, These Creditors have been able to accommodate the excessive court appearances demanded by this case.  With less than a weeks notice, it is uncertain whether These Creditors will be able to appear at the June 4, 2010, hearing.[3]

---

[2] While BLTP is a firm or more than two hundred (200) attorneys, These Creditors are *pro se* save for one attorney who has only limited time available for this particular matter.

[3] No Notice of Hearing, nor Request for Hearing, has been served by BLTP as required by the Local Rules, see, Forms Appendix, Form 1 and 2.  These Creditors learned of the hearing only from the Notice of Hearing sent by the Clerk's Office.

6.   These Creditors require adequate time to prepare and file a Response to the
Motion, and adequate prior notice of any scheduled hearing thereon.

Wherefore, These Creditors move this Court to Strike the Motion *In Limine* of Butzel,
Long, Tighe, Patton, PLLC, or in the alternative, to cancel the hearing set for June 4,
2002, and Enlarge the Time to Respond to the Motion to and including June 18, 2010.

Respectfully submitted

_____ /s/ _____
Ronald B. Patterson, Esq.
Counsel for Mann Technologies, LLC, and
The Registry Solutions Company
D.C. Bar No.  224915
P.O. Box 1756
Alexandria, Virginia 22313
(571) 274-0782


John B. Mann, Creditor, pro se
9330 Harts Mill Road
Warrenton, Virginia 20186
(540) 974-2526


Robert Patterson, Creditor, pro se
9330 Harts Mill Road
Warrenton, Virginia 20186
(202) 412-2404

3

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2010, true copies of the foregoing were served electronically using the Court's Electronic Case Filing System and upon the Debtor, the United States Trustee, and all creditors and parties in interest entitled to receive such notice served upon the following by first class mail, postage prepaid:

> Martha L. Davis, Esquire
> Office of the United States Trustee
> 115 S. Union Street, Room 210
> Alexandria, VA 22314
>
> Neal Goldfarb, Esquire
> Daniel William Sullivan, Esquire
> Kermit A. Rosenberg, Esquire
> Butzel, Long, Tighe, Patton, PLLC
> 1747 Pennsylvania Avenue, N.W., Third Floor
> Washington, D.C.  20006-4604
>
> Wendell W. Webster, Esquire
> 1775 K Street, N.W.
> Suite 600
> Washington, D.C. 20006

_____/s/_____
Ronald Patterson