The document below is hereby signed.

Signed: January 29, 2011.



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ELLIPSO, INC., | ) | Case No. 09-00148 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION RE MOTION OF
ROBERT PATTERSON TO AMEND PROOF OF CLAIM TO ASSERT CLAIM
<u>FOR COSTS AND EXPENSES INCURRED IN DISTRICT COURT LITIGATION</u>

Robert Patterson has sought to amend his proof of claim to recover costs and expenses he incurred in *Ellipso, Inc. v. John B. Mann, et al.*, Civil Action No. 05-11186 (RCL) in the United States District Court for this district. The motion to amend will be denied.

I

The debtor objects that Patterson's claims are time-barred. This turns on whether a final judgment was entered in the District Court. A judgment as to the claims that had been tried in the civil action was entered on September 30, 2008 (Dkt. No. 220). The District Court viewed the judgment as a final judgment (see District Court's Memorandum Opinion of January 29, 2009

(Dkt. No. 240)), and so do I.  The judgment was final despite the defendants' recoverable attorneys' fees having not been fixed.  The District Court ruled that the defendants had not been required under substantive law to prove their attorneys' fees at trial as an element of damages.  Memorandum Opinion of Sept. 30, 2008 (Dkt. No. 218) at 2-3.  The judgment thus left open an award of attorneys' fees to the defendants as a collateral proceeding.  As made evident by Fed. R. Civ. P. 54(c)(2)(A) and Fed. R. App. P. 4(a)(4)(A)(iii), the unresolved matter of attorneys' fees, because a collateral matter, did not render the judgment a non-final judgment.

## II

As to taxable costs, the time expired for Patterson to seek such costs.  Under District Court LCvR 54.1(a), a bill of costs "must be filed within 21 days after entry of judgment terminating the case as to the party seeking costs, unless the time is extended by the court."  Patterson failed to file a bill of costs within 21 days after September 30, 2008, the date of entry of the final judgment.

## III

As to other expenses, Patterson did not timely pursue such expenses, and, in any event, would not be entitled to recover such expenses.

A

The Mann defendants (John B. Mann and Mann Technologies, L.L.C.), but not Patterson, filed a motion (Dkt. No. 203) seeking reconsideration of a ruling that they had been obligated to put on evidence of their attorneys' fees at trial.  The District Court (Dkt. No. 218) granted that motion, and its judgment on the claims that had been tried provided that "[t]he Court will determine whether to award attorneys' fees to the Mann defendants in collateral proceedings."  A separate Order of the same date directed "that the Mann Defendants shall file their motion for attorneys' fees and costs, along with supporting documentation, no later than 15 days from this day."  Order of September 30, 2008 (Dkt. No. 219).  As to Patterson, there was no such order, and under Fed. R. Civ. P. 54(d)(2)(B), he had 14 days after entry of the final judgment to file a motion for attorney's fees and related nontaxable expenses.  Although the Mann defendants filed a timely motion for attorneys' fees, Patterson failed to file a motion for attorney's fees within either the deadline set by the District Court for the Mann defendants to file such a motion or the deadline set Rule 54(d)(2)(B).

Patterson waited for more than four months after entry of the judgment on September 30, 2008, to make an attempt to recover nontaxable expenses.  On February 12, 2009, he filed a Motion to Alter or Amend the Court's Opinion and Order Issued January 29,

2009 to Recognize That Ellipso, Inc. Has Prosecuted this Action Against Patterson in Bad Faith and to Impose Appropriate Sanctions (Dkt. No. 246).  That motion sought to amend the Memorandum Opinion (Dkt. No. 240) of January 29, 2009, and related Order (Dkt. No. 241) of the same date, which ruled that Mann Technologies, L.L.C. was entitled to recover certain attorneys' fees.  The ruling addressed the timely motion for attorneys' fees filed by the Mann defendants.  Patterson cannot piggyback onto the Mann defendants' timely motion (by seeking an amendment of the ruling on that timely motion) as a way of circumventing his being time-barred from seeking attorneys' fees.

By a Memorandum & Order of May 14, 2009 (Dkt. No. 284), the District Court denied Patterson's motion without prejudice because an automatic stay arose when the debtor filed its bankruptcy petition on February 25, 2009.  Even if Patterson were to obtain relief from the automatic stay, and were to renew his motion in the District Court, such a motion would still be untimely.

It may be worth clarifying that the District Court's Order of January 29, 2009 (Dkt. No. 241) cannot be viewed as having already awarded attorney's fees to Patterson in its ruling of January 29, 2009.  The Memorandum Opinion and the Order entered on January 29, 2009, addressed only a motion filed by the Mann defendants, and, taken together, made clear that it was Mann

Technologies that was being awarded attorneys' fees and nontaxable costs.[1]  The Memorandum Opinion at 11, stated as its conclusion that "Mann Tech is entitled to attorneys' fees of $201,314.04," and the Order recited that it was addressing "the defendants' motion [221]" (bracketed material in original), namely, the Mann defendants' motion for attorneys' fees (Dkt. No. 221).  The District Court thus made clear that it was not addressing any entitlement of Patterson to recover nontaxable costs.  Patterson's motion recognized this (that the ruling was in favor of Mann Technologies) by seeking to have expenses awarded to himself instead of just Mann Technologies.  He cannot now claim that the decretal language of the Order ("defendants

---

[1]  Even though the motion was filed by both Mann defendants, the motion recited that "Ellipso has added to the Mann Defendants' losses by causing Mann Tech to incur legal fees approaching $300,000." John B. Mann's affidavit submitted in support of the motion recited that "**Mann Technologies LLC** has incurred almost $300,000 in legal fees to defend against Ellipso's claims in this case." (Emphasis added.)  Mann's affidavit also set forth his calculation of the value of *his* time spent on the case, an expense owed to him by Mann Technologies that the District Court declined to award.

That explains why the District Court concluded that only Mann Technologies was entitled to make a recovery.  Mann Technologies viewed the award as having been to itself, not to John B. Mann, when it sought supplemental fees (for having pursued fees) in a motion (Dkt. No. 270) that stated that "this Court granted costs and attorney's fees of $201,314.04 **to MannTech**" and that "[t]he Court's previous award covered **MannTech's** attorney's fees and costs through conclusion of the 7-day trial, but did not cover the additional attorney's fees, (not included in its previous Motion) that **MannTech** has incurred . . . ." (Emphasis added.)

5

are awarded $201,314.04 in attorneys' fees and expenses to be paid by plaintiff Ellipso, Inc.") must be read as including him as a beneficiary of the Order entitled to recover pursuant to the Order.[2]

B

Moreover, even disregarding the time-barred character of Patterson's claim, Patterson incurred no attorney's fees, and he is not entitled to recover for his time and for nontaxable expenses.  The expenses he seeks are for his time, travel expenses, and consequential damages to his business and personal life.  The District Court made clear that Patterson, as a pro se litigant, was not entitled to recover for his time and for his nontaxable expenses incurred by reason of the preliminary injunction the debtor obtained in the District Court.  Memorandum Opinion of September 30, 2008 (Dkt. No. 216) at 5-7.  There is no reason to apply a different ruling with respect to such expenses incurred by Patterson in litigating the balance of the civil action.  The District Court reasoned with respect to John Mann's timely motion to recover fees and expenses that "John Mann is not an attorney and is not entitled to be compensated for time spent attending conferences, trials, and depositions," and that there

---

[2] The Order, being ambiguous as to which of the Mann defendants was entitled to the recovery, must be read in light of the Memorandum Opinion's conclusion that Mann Technologies was entitled to the recovery.

was no contractual basis for his recovering such damages. Memorandum & Order of May 14, 2009, at 4-5.  The same reasoning would have required a denial of Patterson's request for nontaxable expenses had he timely pursued it.

                                IV

In any event, Patterson has unreasonably delayed seeking to amend his amended proof of claim.  The debtor objected to Patterson's amended proof of claim on November 9, 2009. Patterson's motion was filed on October 1, 2010, which was (a) almost a year after Patterson filed his amended claim, (b) after the trial on Patterson's claim has begun, and (c) after the debtor had completed its case-in-chief.  Patterson was on notice no later than early summer 2010, at a hearing in this court when the debtor's counsel raised the issue, that the debtor contended that Patterson's amended proof of claim did not include a claim for costs in the District Court litigation.

Moreover, on January 19, 2010, this court had entered an order (Dkt. No. 618) which directed that

> the automatic stay of 11 U.S.C. § 362(a) is terminated for the purpose of permitting Patterson to renew his motion to alter or amend the opinion and order of January 29, 2009 in the District Court Action (which was originally filed in that action as DE 246 and subsequently denied without prejudice by DE 284) and of permitting that motion to be decided by the district court.

Patterson never renewed his motion for sanctions in the District Court, again an instance of unreasonable delay in his taking

steps to obtain an adjudication of his claim for costs and nontaxable expenses, if any, owed him by reason of the litigation in the District Court.  This court had made clear to Patterson that it viewed the District Court as the more logical court to pass on that claim (because the District Court had handled the litigation), but that message apparently fell on deaf ears.

V

An order follows denying Patterson's motion.

[Signed and dated above.]

Copies to:

Debtor's attorney; Office of U.S. Trustee; Wendell W. Webster, Trustee;

Robert B. Patterson
9330 Harts Mill Rd.
Warrenton, VA 20186
c/o J. Mann