The document below is hereby signed.

Signed: March 22, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No. 09-00148 |
| ELLIPSO, INC., | ) | (Chapter 11) |
| | ) | |
| Debtor. | ) | **Not for publication in** |
| | ) | **West's Bankruptcy Reporter.** |

MEMORANDUM DECISION RE MOTION TO RECONSIDER, ALTER
OR AMEND ORDERS DISALLOWING CLAIMS NO. 6, 7, 10, AND 11
OF JANUARY 21, 2011, AND FEBRUARY 7, 2011, AND PREVIOUSLY

Mann Technologies, LLC, The Registry Solutions Company, John B. Mann, and Robert B. Patterson ("Creditors") have filed with the court a Motion to Reconsider, Alter or Amend the court's decisions to disallow their claims (Claims no. 6, 7, 10, and 11) (Dkt. No. 1183).  For the reasons that follow, I will deny the Creditors' Motion.

Over the past year the court has held various proceedings relating to objections to claims 6, 7, 10, and 11, culminating in a series of evidentiary hearings at the end of 2010 and the beginning of 2011.  The court ultimately sustained the objections to the claims and disallowed the claims in their entirety in four separate orders dated February 7, 2011.  The orders disallowing

the claims resolved all outstanding issues regarding the objection and, accordingly, were final orders.  On March 7, 2011, twenty-eight days after the court entered those orders, the Creditors filed their Motion to Reconsider, Alter or Amend.  Because the motion is untimely under Federal Rule of Bankruptcy Procedure 9023 and otherwise fails to state a basis for relief under Rules 9024 and 3008, I will deny the Motion.

Federal Rule of Bankruptcy Procedure 9023 (incorporating with only one exception Federal Rule of Civil Procedure 59 into bankruptcy cases) allows the court, on its own initiative or on a party's motion, to alter or amend a previous order.  Importantly, the exception to Rule 59 is that the deadline under Rule 9023 to file a motion to alter or amend is 14 days after the entry of judgment.  The Creditors having failed to timely file their Motion to Reconsider, Alter or Amend within that time period, that Motion is ineligible for treatment under the standards established by Fed. R. Civ. Proc. 59.

The Creditors' Motion also fails under Rule 9024.  Under Rule 9024 (incorporating Fed. R. Civ. Proc. 60 into bankruptcy), the court may relieve a party from a final order, as applicable here, only on account of (1) mistake, (2) newly discovered evidence, (3) fraud, misrepresentation, or misconduct, (4) the judgment being void, (5) satisfaction, etc., or (6) any other reason justifying relief.  Fed. R. Civ. Proc. 60(b).  The

Creditors' Motion fails to set forth any grounds that would warrant relief under Fed. R. Civ. Proc. 60(b)(1)-(5).  Moreover, under Rule 60(b)(6), the moving party has the burden of showing "extraordinary circumstance" that justify relief, *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007) (citing *Akermann v. United States*, 340 U.S. 193, 199 (1950)), and "should be only sparingly used," *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980).  Here, the Creditors have set forth no "extraordinary circumstances" that would warrant relief under Rule 60(b)(6).

Similarly, the Creditors' Motion is also insufficient as a motion to reconsider under Fed. R. Bankr. Proc. 3008.  Pursuant to Rule 3008, the court may reconsider a decision disallowing a proof of claim at any time.  Importantly, however, the court may only reconsider under Rule 3008 for "cause" and "according to the equities of the case."  *In re Yelverton*, 2010 WL 1487850, at *1 (Bankr. D.D.C. April 9, 2010).  The "equities of the case" include "the reason for, and effect of, any delay in seeking reconsideration of the claim; the detrimental or beneficial effect of reconsideration on other parties; whether any party has altered its position in reliance on the Court's previous judgment or confirmation order, the effect of reconsideration on administration of the case or like cases; and the movant's good faith."  *Id.* at *2 (quoting *In re Willoughby*, 324 B.R. 66, 73-74

(Bankr. S.D. Ind. 2005).  Again, however, the Creditors' Motion fails to address the standard for reconsideration under Rule 3008, and, to the extent the Creditors' Motion is a motion under this Rule, it is appropriately denied.

    A separate order follows.

                                        [Signed and dated above.]

Copies to: Debtor; Debtor's Attorney; Chapter 11 Trustee; Office of United States Trustee; Ronald Patterson, attorney for Mann Technologies, LLC, and The Registry Solutions Company; Robert Patterson; John Mann.