The document below is hereby signed.

Signed: March 24, 2011.



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )     Case No. 09-00148
ELLIPSO, INC.,                     )     (Chapter 11)
                                   )
            Debtor.                )     **Not for publication in**
                                   )     **West's Bankruptcy Reporter**.

MEMORANDUM DECISION SUPPLEMENTING ORAL
<u>DECISION RE DAVID CASTIEL'S MOTION TO RECONSIDER</u>

In an oral ruling on David Castiel's motion to reconsider
the disallowance of the bulk of his proof of claim, the court
noted that the motion was timely under Fed. R. Bankr. P. 9023.
Nevertheless, Castiel failed to show cause under Rule 9023
(incorporating, in relevant part, Fed. R. Civ. P. 59) because the
evidence he now seeks to introduce was readily available to him
when the objection to claim was tried.  The court neglected to
address the motion to reconsider alternatively as a motion under
Fed. R. Bankr. P. 3008.

Pursuant to Rule 3008, the court may reconsider a decision
disallowing a proof of claim at any time.  Importantly, however,
the court may only reconsider under Rule 3008 for "cause" and
"according to the equities of the case." _In re Yelverton_, 2010

WL 1487850, at *1 (Bankr. D.D.C. April 9, 2010). The "equities

of the case" include "the reason for, and effect of, any delay in

seeking reconsideration of the claim; the detrimental or

beneficial effect of reconsideration on other parties; whether

any party has altered its position in reliance on the Court's

previous judgment or confirmation order, the effect of

reconsideration on administration of the case or like cases; and

the movant's good faith." *Id.* at *2 (quoting *In re Willoughby*,

324 B.R. 66, 73-74 (Bankr. S.D. Ind. 2005)).

Castiel's motion for reconsideration under Rule 3008 failed

to set forth adequate cause for reconsideration. Even if Castiel

is proceeding in good faith, he fares no better under Rule 3008

than under Rule 9023. In *Yelverton*, an inept debtor in

possession failed to raise a valid legal ground for objecting to

a landlord's claim, and belatedly raised it on a motion to

reconsider. Denial of reconsideration in *Yelverton* would have

penalized the creditor body with the debtor in possession's

ineptitude. In contrast, allowing Castiel to obtain

reconsideration instead under Rule 3008 would be detrimental to

the creditor body. Castiel had his opportunity in a lengthy

trial to present evidence to carry his burden of proof to show

that the unpaid compensation he claimed was reasonable, and has

not shown good reason why he could not have presented then the

evidence he seeks to introduce now via his motion to reconsider.

The creditor body ought not be put to the burden of wrestling with evidence that was available and not presented when Castiel put on his evidence at the trial of the objection to his claim. This chapter 11 case has consumed an inordinate amount of trial time, and reopening the evidence would lead to further delay in the resolution of the case.

A separate order follows denying the motion to reconsider.

[Signed and dated above.]

Copies to: Recipients of e-notifications of filings in case;
David Castiel; John Page; Robert Patterson; John Mann.