The document below is hereby signed.

Signed: March 24, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ELLIPSO, Inc., | ) | Case No. 09-00148 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER REGARDING
JOINT MOTION OF ELLIPSO, INC. AND WENDELL WEBSTER,
TRUSTEE FOR A DETERMINATION THAT ANY CLAIMS THAT DEPEND
<u>ON APPEALING THE JUDGMENT IN ELLIPSO, INC. v. MANN ARE BARRED</u>

The court held a hearing on March 22, 2011, regarding the Joint Motion of Ellipso, Inc. and Wendell Webster, Trustee for a Determination that any Claims that Depend on Appealing the Judgment in *Ellipso, Inc. v. Mann* are Barred (Dkt. No. 1180). The joint motion addresses counterclaims of John Mann, Mann Technologies LLC, and Robert Patterson as defendants in the civil action of *Ellipso, Inc. v. Mann* that were dismissed by the District Court and that are the subject of a pending appeal by those defendants in the Court of Appeals. Even though this court granted relief from the automatic stay more than a year ago to permit those defendants to pursue their appeal, the defendants

have failed to take any steps to pursue the appeal.  The joint motion effectively seeks a declaratory judgment that any attempt to assert the dismissed counterclaims as claims in this bankruptcy case under chapter 11 of the Bankruptcy Code would be barred.

I

The parties are in disagreement as to whether the claims (based on the dismissed counterclaims) were included in the proofs of claims that the defendants filed as creditors in this court.  I need not resolve that disagreement at this juncture.

On the one hand, the defendants assert that the claims *were* included in their proofs of claims.  The court has entered orders disposing of all of the proofs of claims that these defendants filed in this court.  Those orders did not include an allowance of any of the claims that were asserted as counterclaims in the District Court.  Indeed, the orders could not have allowed such counterclaims as claims in this court because the District Court's judgment dismissing the counterclaims was *res judicata*.  Ordinarily, if these *were* orders disallowing the assertion of the dismissed counterclaims as claims in this court, the orders would be subject to revision pursuant to Fed. R. Bankr. P. 3008 and 9024 if the Court of Appeals were to reverse the dismissal of the counterclaims, but the debtor and the trustee effectively point to the delay in pursuing the appeal in the Court of Appeals as

unreasonable delay that ought to preclude modification of the orders.

On the other hand, the joint motion treats the claims (*i.e.*, the dismissed counterclaims) as never having been asserted by way of a proof of claim in this court.  If that is the case, the only way the claims could be asserted as claims in the chapter 11 case by way of proofs of claims is if the defendants were to file a motion under Fed. R. Bankr. P. 9006 for leave to file proofs of claim out of time.[1]  The debtor and the trustee point to the defendants' delay in pursuing the appeal in the Court of Appeals as a ground that would justify denial of any such Rule 9006 motion.

II

Either way, the parties' papers have failed clearly to identify and discuss the criteria that would apply to a motion filed, on the one hand, under Fed. R. Bankr. P. 3008 and 9024, and to a motion filed, on the other hand, under Fed. R. Bankr. P. 9006.  To assure that the issues are framed properly, and because the defendants would be the parties who would have to pursue such

---

[1] If the case were converted to a case under chapter 7 of the Bankruptcy Code, however, a new bar date for filing proofs of claim would arise.  If, as the defendants contend, the claims were part of the proofs of claims already filed and ruled upon, the new bar date in such a converted case would not be a route for asserting the claims: the orders disallowing the claims could only be revised in such a converted case via a motion under Rule 3008 and 9024.

motions, I will require the defendants to file whatever motion they deem appropriate to seek to assert whatever claims would arise if their appeal were successful.  This chapter 11 case has dragged on for a long time.  Pursuant to 11 U.S.C. § 105(d)(2), the court may issue an order "prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically," and this justifies issuance of such an order so that there is certainty regarding what claims must be dealt with in this case.

                                III

In accordance with the foregoing, it is

ORDERED that the joint motion will be granted barring the assertion of the defendants' counterclaims dismissed in *Ellipso, Inc. v. Mann* as claims in this chapter 11 case unless by April 4, 2011, creditors John B. Mann, Mann Technologies LLC, and Robert Patterson file a motion for reconsideration of claims under Federal Rule of Bankruptcy Procedure 3008 and 9024 or, in the alternative, a Rule 9006 motion to file proofs of claim out of time.  It is further

ORDERED that the debtor and trustee may file a response within 14 days of the filing of any such motion by the creditors.

                                        [Signed and dated above.]

Copies to: All recipients of e-notifications in case;

Robert B. Patterson
9330 Harts Mill Rd.
Warrenton, VA 20186
c/o J. Mann

John B. Mann
9330 Harts Mill Rd.
Warrenton, VA 20186