The document below is hereby signed.

Signed: April 13, 2011.



```
_____
```
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No. 09-00148 |
| ELLIPSO, INC., | ) | (Chapter 11) |
| | ) | |
| Debtor. | ) | **Not for publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE MOTION TO ALTER OR AMEND
ORDER OF FEBRUARY 7, 2011 ALLOWING CLAIM OF DAVID
CASTIEL, No. 14 FOR EXPENSES IN THE AMOUNT OF $3,167.00

This address the motion of Mann Technologies, LLC, Robert B. Patterson, John B. Mann, and The Registry Solutions Company (the "Mann Creditors") to Alter or Amend Order of February 17, 2011 Allowing Claim of David Castiel, No. 14 for Expenses in the Amount of $3,167.00 (Dkt. No. 1172, filed February 17, 2011). For the reasons that following, I will deny the motion.

I

David Castiel, the debtor's founder and CEO, filed a proof of claim in this case seeking several million dollars in unpaid wages and unreimbursed expenses. The Mann Creditors filed an objection to Castiel's proof of claim, and in a Memorandum Decision and seperate order entered on February 7, 2011, I

sustained in part and overrulled in part the Mann Creditor's objection, leaving Castiel with an allowed claim in the amount of $3,167.00 in unreimbursed expenses. The Mann Creditors have now filed a motion to alter or amend my February 7, 2011, Order, seeking to have the court also disallow Castiel's expense claim. The Mann Creditors' motion sets forth three bases for disallowing Castiel's expense claim.

                                II

First, the Mann Creditors contend that to the extent that the court elected to treat Castiel's expense claim separately from his unpaid compensation claim, Castiel's $3,167 unreimbursed expense claim was more than offset by the debtor's payment of $28,273 of Castiel's personal expenses in the 12 months prior to the petition date. This, however, is too narrow a time period and fails to account for the full range of expenses at issue.

The account reconciliation Castiel attached to his proof of claim and introduced into evidence at the hearing on the objection to his claim shows that Castiel had been advancing money to Ellipso and had been paying Ellipso expenses since as early as June 2003. To focus on only the last year of the period, therefore, is inappropriate. Taking the entire period into account, Castiel is still owed $3,166.98 in unreimbursed expenses. Likewise, to focus only on the American Express statements and not the entirety of the expenses is similarly

inappropriate.  The American Express expenses and reimbursements only represent a portion of the expenses from which Castiel's expense claim stems.  Castiel's account reconciliation shows that Castiel made health insurance payments for and made deposits of personal funds into the company.  To limit the analysis solely to the American Express expenses and reimbursements overlooks a substantial portion of the claim.  For these reasons, the Mann Creditors' first basis for altering or amended the court's February 7, 2011, Decision fails.

                                III

Castiel had an American Express card that he used for both corporate and personal expenses.  When Ellipso paid an American Express bill, Ellipso appropriately treated the payment of the personal expenses on that bill as compensation to Castiel, designating such compensation on its ledger as "Wages" to Castiel.

The Mann Creditors point to a payment by the debtor of $9,995.57 to American Express of expenses that had been incurred for personal expenses of Castiel.  At the hearing on the objection, it came to light that this payment was listed as "Wages" in the company ledger, but that Castiel had failed to account for it in his deferred salary claim.  The Mann Creditors appropriately objected that Castiel's deferred salary claim ought to be reduced for the receipt of such compensation.  Castiel

subsequently revised his proof of claim on February 15, 2010, to account for this amount.

Characterizing this as a commingling of personal finances and corporate finances, the Mann Creditors contend that "[s]ince both the Debtor and Castiel accounted for these personal American Express charges as 'Wages', the Court should not accord them a separate treatment."  Specifically, the Mann Creditors contend that the court erred in addressing separately the portion of Castiel's claim attributable to deferred wages and the portion attributable to unreimbursed expenses.  Instead, the Mann Creditors argue, the court should treat Castiel's entire claim as deferred wages, subjecting the unreimbursed expenses to offset against overpayment of wages.  They then contend that treating the $9,995.57 entry as a payment of expenses, that alone would more than offset the allowed Castiel expense claim of $3,167.00.

The problems with this argument are two-fold.  First, the Mann Creditors are contending, in effect, that the $9,995.57 payment by the debtor on Castiel's behalf should be treated as an offset against Castiel's advances to the company as unreimbursed expenses.  As the Mann Creditors surely recall, however, it was their complaints to Castiel that this amount was not accounted for in his salary claim that prompted Castiel to amend the salary portion of his proof of claim to account for the payment.  After making much to do about Castiel's failure to include that amount

4

in his unpaid salary claim, the Mann Creditors cannot now come before the court and claim that this was not a payment to Castiel of salary but was instead a reimbursement of expenses, subject to offset against the allowed unreimbursed expense portion of Castiel's claim.

The second problem with the argument is that Castiel was entitled to recover those corporate expenses he personally paid and that were not reimbursed by Ellipso, and that Castiel (as he acknowledged at trial) was required to treat as compensation received any payment by Ellipso of his personal expenses. Although Ellipso's accounting records were not a paradigm of clarity, the ledger nevertheless was sufficiently reliable to determine when Castiel's personal expenses were paid by Ellipso and when corporate expenses incurred by Castiel were not paid by Ellipso.

III

The objecting creditors argue (Motion ¶ 3) that, in any event, Castiel would owe Ellipso a refund for payment of his personal expenses charged on the American Express card as an overpayment of wages even if the payment of his personal expenses were classified as a payment of wages.  They appear to be equating the court's finding that Castiel's claimed salary was unreasonable with a finding that he was overpaid.  The court's decision disallowing Castiel's deferred wages claim ultimately

5

rested on Castiel's failure to show that his claimed salary level was reasonable.[1]  This, however, does not amount to a determination that he was overpaid for the amount he *actually* received.  For 2003-2009, Castiel was paid $1,742,218 in salary and was owed $1,217,782 in unpaid wages, for an average yearly salary of $282,828, an amount less than his inflation-adjusted authorized salary for each of those years.  Accordingly, there

---

[1]    I twice stated in the February 7, 2011, Memorandum Decision that Castiel's claimed salary was unreasonable.  Mem. Desc. at 20 ("Evaluating these factors holistically, I conclude that Castiel's claimed salary of $480,000 for the claim period is **unreasonable** under § 502(b)(4).");  Mem. Desc. at 21 ("Having determined that Castiel's claimed salary of $480,000 per year was **unreasonable** for the claim period . . . .").  This was arguably in error.  Under Rule 3001(f), once the objecting creditors overcame the prima facie validity afforded to Castiel's claim, it was his burden to show that his claimed salary level was reasonable.  His failure to make this showing does not equate to a finding that his salary was unreasonable.  This is a conclusion necessitated by the framework of § 502 itself.
      While § 502(b)(4) contemplates that an insider claimant carries the burden of showing the reasonableness of his salary, § 502(d) sets up a competing framework for disallowing a claim when the salary a claimant received is unreasonable.  Under § 502(d), the court can disallow a claim where the claimant received an unreasonable amount of salary prepetition, such as that the salary the claimant received amounted to a fraudulent conveyance under § 548.  There, however, the burden is clearly on the trustee to show that the debtor received less than reasonably equivalent value in exchange for the wages paid to the claimant.  It is likely inappropriate in the context of a § 502(b)(4) reasonableness determination where a claimant has failed to carry its burden for the court to state that the claimed salary is unreasonable, which could have implications for avoidance under § 502(d) and § 550 but without the attendant procedural safeguards and allocations of burdens of proof in those provisions.  I need not reach this issue at this point, however, because the Mann Claimants' argument fails for the reason noted below.

was no overpayment to Castiel subject to offset against his unreimbursed expenses.

IV

A separate order follows.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; David Castiel; William Webster, Chapter 11 Trustee; Robert Patterson; John Mann; Ronald Patterson, attorney for Mann Technologies, LLC, and The Registry Solutions Company.