The document below is hereby signed.

Signed: June 15, 2011



*S. Martin Teel Jr.*
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ELLIPSO, INC., | ) | Case No. 09-00148 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION RE MOTIONS CONCERNING
WHETHER CERTAIN CLAIMS ASSERTED AS COUNTERCLAIMS
IN A DISTRICT COURT CIVIL ACTION WILL BE ALLOWED IF
THE CREDITORS HOLDING THOSE CLAIMS SUCCEED IN AN APPEAL
<u>OF THE DISTRICT COURT JUDGMENT DISMISSING THE COUNTERCLAIMS</u>

This decision addresses motions regarding certain creditors' counterclaims that were dismissed in a civil action the debtor pursued in the District Court, and whether those counterclaims ought to be allowed as claims against the estate in this bankruptcy case if the creditors were to succeed in an appeal they have taken from the dismissal of the counterclaims. The creditors have dragged their feet by not promptly pursuing the appeal in the Court of Appeals, and the Court of Appeals might or might not decide that the failure to prosecute warrants dismissal of the appeal. If the appeal is allowed to go forward, and the

creditors were to prevail on appeal, the issue of whether the counterclaims can be pursued in this court as claims against the estate has not been properly framed for decision.  The issue is not a Rule 9006 issue as the trustee and the debtor asserted in a Joint Motion, and the court erred to the extent that an interim decision could be viewed as placing the burden on the creditors to file a motion for a declaratory judgment as to whether, if they prevail on appeal, they can obtain relief from the order disallowing the counterclaims as claims against the estate.

                                I

The creditors who asserted the counterclaims are John B. Mann, Robert B. Patterson, and Mann Technologies, LLC (the "Creditors").  On June 14, 2006, the debtor commenced a civil action against the Creditors, among others, in the United States District Court for the District of Columbia, Case No. 05-cv-01186.  The debtor's suit stemmed from a loan between itself and Mann Technologies arranged by Patterson.  Each of the Creditors asserted counterclaims in the District Court suit seeking to recover based on, among other things, breach of contract, quantum meruit, unjust enrichment, fraud, fraudulent inducement, and conspiracy.  *Ellipso v. Mann Technologies, LLC,* 05-cv-01186, Dkt. Nos. 43 (filed March 24, 2006), and 51 (filed April 5, 2006).  The District Court subsequently dismissed both the debtor's and Creditors' claims in the case.  *Ellipso v. Mann Technologies,*

                                2

*LLC,* 05-cv-01186, Dkt. Nos. 57 (entered March 27, 2006), 84 (entered Nov. 11, 2006), and 199 (entered August 5, 2008). Both the debtor and the Creditors appealed the dismissal. *Ellipso v. Mann Technologies, LLC*, 05-cv-01186, Dkt. Nos. 222 (filed October 15, 2008), 223 (filed October 29, 2008), and 225 (filed November 3, 2008).

On February 25, 2009, the debtor commenced the above-captioned bankruptcy case under chapter 11 of the Bankruptcy Code. Upon the filing of the bankruptcy case, the Creditors' appeals were stayed by operation of § 362 of the Bankruptcy Code. John Mann and Mann Technologies shortly thereafter moved for relief from the automatic stay to allow them to conclude the District Court suit (Dkt. No. 11). In a memorandum decision and order entered March 13, 2009, I lifted the stay to allow Mann and Mann Technologies "to pursue their claims against the debtor in the civil action pending in the United States District Court for the District of Columbia," but, importantly, not "with respect to: (1) the prosecution of any pending appeal from orders or judgments of the District Court in the civil action addressing any claim against the debtor, and (2) the prosecution of any further appeal from any order or judgment entered by the District Court in the civil action addressing any claims against the debtor . . . ." (Dkt. No. 31). The District Court entered its last order in the civil action on May 15, 2009.

3

In July 2009, the Creditors filed proofs of claim in the debtor's bankruptcy case based on services rendered and fraud, Claim No. 6-1, and malicious prosecution, fraud, slander, and defamation, Claims Nos. 7-1 and 11-1.  The debtor thereafter filed objections to the Creditors' proofs of claim (Dkt. Nos. 170, 174, and 185).  As relevant here, the debtor objected to the Creditors' claims to the extent they were based on the counterclaims that the District Court had previously dismissed and the Creditors had appealed to the Circuit Court.  At the hearing on the objections on September 30, 2009, I sustained the debtor's objection and disallowed this portion of the Creditors' claims.  Importantly, however, the disallowance was "without prejudice to being vacated" if the Creditors prevailed on appeal, and I ruled that the stay would be lifted to allow them to so proceed.  Belatedly, the parties submitted proposed orders to reflect the court's rulings.[1]  The court's order lifting the stay was entered on January 19, 2010.

The Court of Appeals had issued an order on April 1, 2009, which directed the parties to "file motions to govern future

---

[1] At the hearing of September 30, 2009, I directed the parties to prepare orders reflecting the court's rulings.  The parties did not submit orders, however, until December 26, 2009. I signed the orders on January 18, 2010 (Dkt. Nos. 617 and 618), and they were entered the next day.  The order disallowing the Creditors' counterclaims stated that they were "disallowed, subject to being reinstated if appropriate following the completion of any appeals in that action."

proceedings within 30 days of the disposition of the bankruptcy case or the termination of the automatic stay."  Nevertheless, after entry on January 19, 2010, of the order lifting the automatic stay and until now, the Creditors have filed no such motion in the Court of Appeals, and have taken no action to prosecute their appeal of the District Court's dismissal of their counterclaims.

In October 2009, the Creditors amended their proofs of claim, Claim Nos. 6-2, 7-2, and 11-1, asserting what have been known as the RICO counts.  The amended proofs of claim did not include the District Court counterclaims.  The debtor filed objections to the amended proofs of claims, and the court held hearings on the objections through 2010.  In orders entered on February 7, 2011, I denied the amended proofs of claim in their entirety (Dkt. Nos. 1147, 1148, and 1150).

On March 1, 2011, the debtor and chapter 11 trustee filed a Joint Motion for a determination that any claims that depended upon the appeal were barred (Dkt. No 1180).  The Joint Motion was premised on several contentions: (1) the bar date for filing a proof of claim had passed; (2) "the Creditors had failed to file[] a proof of claim with respect to any judgment that they might hope to obtain in the District court litigation if the dismissal of their counterclaims were to be reversed"; (3) to assert the claims in the debtor's bankruptcy case the Creditors

5

would have to seek leave of court to file their claims out of time; and (4) given the fact that the Creditors had failed to prosecute their appeal for more than a year after this court had lifted the stay and given the fact that the court had already conducted lengthy hearings on the Creditors' amended proofs of claim, the Creditors could not meet the Rule 9006 standard to file claims out of time. Because the Creditors' original proofs of claim *did* assert the claims, the Creditors would not be required to seek leave of court to file the claims out of time, and had all that been clear to me, I would have denied the Joint Motion on that basis. Nevertheless, at a hearing of March 22, 2011, the issue was not clear, and I elected temporarily to duck the issue.

    At the hearing on March 22, 2011, I directed that the Joint Motion would be granted unless by April 4, 2011, the Creditors either filed a motion under Rule 3008 or 9024 of the Federal Rules of Bankruptcy Procedure to reconsider my February 7, 2011, order denying the Creditors amended proofs of claim in their entirety (the RICO claims), or filed a Rule 9006 motion for leave to file proofs of claim based on the counterclaims on appeal out of time (Dkt. no. 1198). In the memorandum decision memorializing my oral decision on the Joint Motion, I declined to resolve the issue of whether the Creditors had ever filed a proof of claim respecting the District Court counterclaims, instead

directing the Creditors to frame the issue as they saw fit:

> The parties are in disagreement as to whether the claims (based on the dismissed counterclaims) *were* included in the proofs of claims that the defendants filed as creditors in this court. I need not resolve that disagreement at this juncture.
> On the one hand, the [Creditors] assert that the claims were included in their proofs of claims. The court has entered orders disposing of all of the proofs of claims that these defendants filed in this court. Those orders did not include an allowance of any of the claims that were asserted as counterclaims in the District Court. Indeed, the orders could not have allowed such counterclaims as claims in this court because the District Court's judgment dismissing the counterclaims was *res judicata*. Ordinarily, if these *were* orders disallowing the assertion of the dismissed counterclaims as claims in this court, the orders would be subject to revision pursuant to Fed. R. Bankr. P. 3008 and 9024 if the Court of Appeals were to reverse the dismissal of the counterclaims, but the debtor and the trustee effectively point to the delay in pursuing the appeal in the Court of Appeals as unreasonable delay that ought to preclude modification of the orders.
> On the other hand, the joint motion treats the claims (*i.e.,* the dismissed counterclaims) as never having been asserted by way of a proof of claim in this court. If that is the case, the only way the claims could be asserted as claims in the chapter 11 case by way of proofs of claims is if the defendants were to file a motion under Fed. R. Bankr. P. 9006 for leave to file proofs of claims out of time. The debtor and the trustee point to the defendants' delay in pursuing the appeal in the Court of Appeals as a ground that would justify denial of any such Rule 9006 motion.
> Either way, the parties' papers have failed clearly to identify and discuss the criteria that would apply to a motion filed, on the one hand, under Fed. R. Bankr. P. 3008 and 9024, and to a motion filed, on the other hand, under Fed. R. Bankr. P. 9006. To assure that the issues are framed properly, and because the [Creditors] would be the parties who would have to pursue such motions, I will require the [Creditors] to file whatever motion they deem appropriate to seek to assert whatever claims would arise if their appeal were successful.

Mar. 25, 2011 Mem. Desc. and Order (Dkt. No. 1198) at 2-3.

7

In response to the court's oral ruling at the March 22, 2011, hearing and accompanying decision and order of March 25, 2011, the Creditors and the Registry Solutions Company[2] filed a motion bearing the title:

> Motion to Reconsider the Court's Order Finding that the Proofs of Claim 6, 7, and, 10[3] Did Not Include Claims from the "Bad Faith" Law Suit Which Are Pending on Appeal in the United States Court of Appeals for the District of Columbia; or Alternatively Motion to Allow the Filing of These Claims Out of Time

("Motion to Reconsider") (Dkt. No. 1205, filed April 9, 2011). The debtor and trustee thereafter filed a Joint Opposition.

II

The Creditors' Motion to Reconsider asks for relief in the alternative. First, the Creditors' ask that the court reconsider the determination in the March 25, 2011, Decision and Order that their counterclaim on appeal were not included in their proofs of claim. As that Decision and Order make clear, however, I explicitly declined to reach the issue, and, accordingly, there is no ruling to reconsider. Alternatively, the Creditors ask that the court grant them leave under Rule 9006 to file their claims out of time. As the facts set forth above show and as the

---

[2] It does not appear that the Registry Solutions Company would have a claim subject to this motion. Rather, this motion appears to apply only to Robert Patterson, John Mann, and Mann Technologies, LLC.

[3] It appears that this should be proof of claim number 11, filed by Mann Technologies, LLC.

8

debtor and trustee now concede, Joint Opp. at 2, the Creditors' initial proofs of claim included their counterclaims on appeal. I disallowed those counterclaims on September 30, 2009, subject, however, to being vacated in the event the Creditors were to prevail on the appeal. Accordingly, a Rule 9006 motion is neither required nor appropriate.

The debtor's and trustee's Joint Motion was premised on the mistaken belief that the Creditors had never filed a proof of claim based on the counterclaims on appeal and that, as a result, the Creditors would require leave under Rule 9006 to file their claims out of time. Now that it is clear that the Creditors had previously asserted those counterclaims here, it is likewise clear that the Rule 9006 standards are wholly irrelevant to a determination of whether any claim asserted by the Creditors based on those counterclaims on appeal would be barred. Accordingly, the Joint Motion, which was limited to just this basis for barring the claims, is appropriately denied.

As my September 30, 2009, decision contemplated and my March 25, 2011, Decision and Order allowed, to have their counterclaims reinstated the Creditors must file a motion to vacate the September 30, 2009, decision under either Rule 3008 or 9024. The Creditors' Motion for Reconsideration did not pursue such relief. The appeal of the dismissal of the counterclaims has not yet been decided by the Court of Appeals, thus providing the Creditors

with no basis at this juncture to seek to vacate the order disallowing the claim asserting the counterclaims as claims against the estate.

Nothing in Rule 3008 or in Fed. R. Civ. P. 60(c) (made applicable by Rule 9024) places an obligation on a creditor to pursue a declaratory judgment that the disallowance of its claims will be vacated if it succeeds on a related appeal.  The debtor's and trustee's Joint Opposition to the Creditors' Motion to Reconsider sets forth equitable limitations that the Creditors would have to overcome in the event they were to try to reassert their counterclaims here, but the Creditors do not have to carry that burden until they seek to vacate this court's order disallowing the counterclaims as claims against the estate.

In effect, the Joint Opposition seeks a declaratory determination that the Creditors would be unable to overcome the equitable limitations of Rules 3008 and 9024 (making Fed. R. Civ. P. 60 generally applicable) to assert the counterclaims, but the Joint Opposition was not filed as a motion.  If a motion for such a determination were filed, the burden of proof in obtaining such a determination would presumably rest on the trustee and the debtor as the movants.  While the debtor and trustee have set forth the relevant standards in their Joint Opposition to the Creditors Motion to Reconsider, procedurally the proper way to seek this relief is through a motion that properly frames the

issue and gives the Creditors an adequate opportunity to respond.

I do not wish to signal, one way or the other, whether such a motion would succeed or fail.  Nevertheless, I note that one of the difficulties that such a motion for a declaratory judgment regarding Rules 3008 and 9024 might present is the unpredictability of how soon the appeal would be decided and how soon any remand would be decided.  If the appeal and any remand were decided in two months, say, a vacating of the order disallowing the claims might cause no more prejudice than if the appeal had been prosecuted in January 2010 when the court lifted the automatic stay.[4]  In that sense, depending on the procedural posture of the bankruptcy case, any motion for a declaratory judgment may theoretically be premature if prejudice is the decisive factor.

Finally, I note that nothing in this decision affects the debtor's and trustee's ability to file a motion to dismiss for failure to prosecute the appeal in the Court of Appeals or expresses an opinion on the merits of such a motion.  As noted previously, the Court of Appeals' March 1, 2009, Order directed the parties to "file motions to govern future proceedings within

---

[4] I have not attempted to evaluate the posture of the bankruptcy case and whether a delay of two more months would cause no prejudice.  I only suggest that in *some* bankruptcy cases, a delay of two more months theoretically might not cause prejudice.  I do not mean to suggest, one way or the other, whether this case's posture fits this case within that category of cases.

30 days of the disposition of the bankruptcy case or the termination of the automatic stay."  It has been, as the debtor and trustee note, more than a year since I lifted the stay in this case.

### III

For the foregoing reasons, I will deny the debtor's and trustee's Joint Motion without prejudice to filing a motion seeking a determination that the Creditors would not meet the standards for relief under Rules 3008 and 9024 if they were to prevail on appeal and seek to assert their counterclaims here, I will vacate my March 25, 2011, Decision and Order, and I will deny the Creditors' Motion to Reconsider as moot.

A separate order follows.

[Signed and dated above.]

Copies to: Debtor; Debtor's Attorney; Wendell Webster, Chapter 11 Trustee; John Mann; Robert Patterson; Ronald Patterson, Esq.