**The document below is hereby signed. Dated: February 3, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA
```

In re                              )
                                   )
ELLIPSO, INC.,                     )  Case No. 09-00148
                                   )  (Chapter 11)
          Debtor.                  )  **Not for Publication in**
                                   )  **West's Bankruptcy Reporter**

<u>MEMORANDUM DECISION AND ORDER OVERRULING OBJECTIONS TO THE
                   DISCLOSURE STATEMENT</u>

David Castiel, Gerald Helman, Linda Awkard, James H. Bailey, Richard Burt, Laury Blakley, Butzel Long Tighe Patton PLLC, and Dort Patent, PC ("the Proponents") filed a disclosure statement under Chapter 11 of the Bankruptcy Code (11 U.S.C.) on November 30, 2011 (Dkt. No. 1332), referring to a joint plan of reorganization filed that same date (Dkt. No. 1333) for the debtors Ellipso, Inc., Mobile Communications Holdings, Inc., ESBH, Inc., and Virtual Geosatellite, LLC.  A hearing on the disclosure statement was held on January 18, 2012.  John Page filed a written objection to the disclosure statement (Dkt. No. 1387), and both John Page and Robert Patterson objected at the

hearing.[1]

I

The bankruptcy court must determine, after notice and a hearing, whether a disclosure statement contains adequate information. 11 U.S.C. § 1125(b). "Adequate information," as defined in 11 U.S.C. § 1125(a)(1),

> means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . .

The bankruptcy court determines whether a disclosure statement supplies adequate information on a case by case basis. *In re A.H. Robins Co., Inc.*, 880 F.2d 694, 696 (4th Cir. 1989).

Furthermore, a bankruptcy court may deny approval of a disclosure statement where the plan is "so 'fatally flawed' that confirmation is 'impossible.'" *In re Eastern Maine Elec. Co-op, Inc.*, 125 B.R. 329, 333 (Bankr. D. Me. 1991) (citing *In re Cardinal Congregate I,* 121 B.R. 760, 764 (Bankr. S.D. Oh. 1990)); *see also In re Phoenix Petroleum Co.*, 278 B.R. 385, 394 (Bankr.

---

[1] In his written objection, John Page lists 66 one-line objections. The court is unable discern the basis for most of the objections, because Page provides only a few words of explanation for each. Therefore, the court will address those objections that it understands.

E.D. Pa. 2001).  In that respect, objections to the disclosure statement may be based on alleged deficiencies in the plan, and the bankruptcy court has the discretion to consider these plan-based objections.  *In re Monroe Well Serv., Inc.*, 80 B.R. 324, 333 (Bankr. E.D. Pa. 1987).  However, the court's discretion to consider these objections as grounds for denying approval of a disclosure statement "must be used carefully so as not to convert the disclosure statement hearing into a confirmation hearing." *Id.*

                                II

Page argues that substantive consolidation cannot be accomplished through a confirmed plan.  Contrary to Page's argument, a bankruptcy court has the authority to effect substantive consolidation through a confirmed plan.  *See In re American HomePatient, Inc.*, 298 B.R. 152, 165-166 (Bankr. M.D. Tenn. 2003); *In re Stone & Webster, Inc.*, 286 B.R. 532, 541 (Bankr. D. Del. 2002); *Bruce Energy Ctr. Ltd. v. Orfa Corp. Of Am. (In re Orfa Corp. Of Phila.)*, 129 B.R. 404, 416 (Bankr. E.D. Pa. 1991) ("Putting consolidation at issue in the plan process places it before all of the Debtors' creditors for a vote, which is a more democratic process than deciding the issue by a motion which only the most powerful creditors are apt to address.")

Both Page and Patterson object to Ellipso being allowed to retain its equity interest in the subsidiaries after substantive

consolidation.  This objection does not stand to reason.[2]

Page argues that the trustee has conflicts representing both the subsidiaries and the parent corporation.  The time to raise this objection was prior to the appointment of the trustee.[3]

III

At the hearing, Page and Patterson raised numerous objections that are more appropriately dealt with at a confirmation hearing.  Among these are: (i) the contention that the classification of claims is improper; (ii) a claim that the Proponents do not have the means to fund the plan; (iii) an objection to the disclosure statement's admission that if Page's claims are allowed, there will be nothing left to pay the other creditors; and (iv) allegations that the plan is being proposed in bad faith.  The court may properly consider these objections at the confirmation hearing.  *See In re Sunshine Precious Metals, Inc.*, 142 B.R. 918, 920 (Bankr. D. Idaho 1992) (stating that an objection to classification is an issue for the confirmation hearing).

---

[2] Nevertheless, Draim and Telecomm have claims against Mobile Communications Holdings, Inc. and Virtual Geosatellite, LLC, respectively, and the plan does not place their claims in separate classes.  If these two creditors do not accept the plan, that may raise issues under 11 U.S.C. §§ 1122(a), 1129(a)(7), and 1129(a)(10).

[3] Moreover, Page and other creditors have already raised this objection, and the court considered it before issuing its order directing the appointment of the chapter 11 trustee.  *See* Dkt. Nos. 1125, 1127, 1128.

4

IV

Additionally, both creditors raised several objections to the adequacy of the information in the disclosure statement.

They assert that the disclosure statement omits that Virtual Geosatellite Holdings, Inc. (VGHI) owes Ellipso, Inc. over $4 million. Similarly, Page contends that the Proponents failed to disclose the substantial amount of money that the Proponents owe to the estate. However, there has been no decision allowing claims against any of the Proponents, or against VGHI. In addition, the disclosure statement sufficiently describes the adversary proceedings Page seeks to bring on behalf of the estate against several of the Proponents.

Page also asserts that the disclosure statement does not adequately address the $45,000 that he believes the plan states will be paid to Castiel. The disclosure statement states that "Castiel received $45,000 in salary for the three months he was paid" and that this $45,000 that has already been paid "would be an Allowed Administrative Expense for the entire nearly 12 months he was CEO of Ellipso." The Proponents' attorney confirmed at the hearing that this means that Castiel will not be paid any administrative claim in the case. Therefore, the plan does not provide for paying Castiel an additional $45,000, and it appears Page's objection is based on a misunderstanding.

In addition, Page has objected that the Proponents are not

waiving $1,963,922 in claims because they are "contingent."  The disclosure statement states that $1,963,922 in claims are waived.  In substantial part, these claims are subject to a compensation plan under which the Board of Directors of Ellipso, Inc. and MCHI directed that the employees would not receive payment so long as "on-going operational expenditures necessary to support the 881 business" had not been paid.  There is no dispute that the obligation of $1,963,922 was incurred.  The postponement of payment was designed to allow the debtor to continue to operate.  Upon the intervention of bankruptcy, the payment of all pre-petition claims was suspended and the intervention of bankruptcy served to accelerate the due date of all obligations.  An argument exists that the claims were no longer contingent once bankruptcy intervened, but if the "contingency" were enforceable once bankruptcy intervened, the waiver of the portion of $1,963,922 subject to the "contingency" might not be paid with other creditors in a chapter 7 liquidation.  Page's objection should be included in the disclosure statement.  Therefore, the court's order approving the disclosure statement will supplement the disclosure statement with this discussion of the value of the waived claims.

    Finally, Page also contends that the disclosure statement omits the following information: that Butzel Long Tighe Patton PLLC was found guilty of gross negligence, that Butzel Long Tighe

6

Patton PLLC or Castiel submitted false disclosure statements, that the RICO claims trial was conducted without discovery, and that Linda Awkard lied to the court in her claim.  These objections, as well as others listed in Page's written objection, are merely repeats of arguments Page has made in previous filings in this case, and have no merit as objections to the disclosure statement.

V

In light of the foregoing, it is

ORDERED that the objections to the Disclosure Statement for Joint Plan of Reorganization (Dkt. No. 1332) are OVERRULED.

[Signed and dated above.]

Copies to: John Page; Robert Patterson; Recipients of e-notification.