**The document below is hereby signed.**

**Dated: May 22, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
ELLIPSO, INC.,                 )   Case No. 09-00148
                               )   (Chapter 11)
           Debtor.             )   Not for Publication in
                               )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER RE BUTZEL LONG
TIGHE PATTON, PLLC'S AND THOMAS E. PATTON'S MOTION FOR AMENDMENT

Butzel Long Tighe Patton, PLLC ("BLTP") and Thomas E. Patton filed a motion (Dkt. No. 1466) requesting the court to revise its Memorandum Decision Regarding Applications for Approval of Compensation by Counsel for Debtor (Dkt. No. 1265, the "Decision"). Two oppositions to this motion were filed: one by John Page (Dkt. No. 1478) and one (filed late) by John B. Mann, Robert B. Patterson, Mann Technologies, LLC, and The Registry Solutions Company ("Mann and Patterson") (Dkt. No. 1519). The court held a hearing on this motion on February 15, 2012. For the reasons stated below, the court will grant the motion in part.

A

The movants do not request modification of the judgment or

the substantive rights of the parties.  They explain that they "do not ask this Court to amend its Order allowing in part and denying in part attorneys' fees.  This motion is not, therefore, governed by Bankruptcy Rule 9023 or 9024.  This motion is addressed to the equitable and reserved powers of the Court. . ." (footnote omitted).

While, indeed, the motion does not seek relief from the court's order, the request to revise the court's decision is one that could be pursued under Fed. R. Civ. P. 60(a) (made applicable by Rule 9024) which allows modification to correct an oversight in any part of the record, not just in an order.  Such relief, moreover, is inherent in section 105(a) of the Bankruptcy Code which gives the court the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," and it is pursuant to this section and Rule 60(a) that the court will revise the Decision. It follows that John Page's contentions that the motion is untimely and that the court does not have the power to modify the Decision because the court did not use its equitable powers in an adversary proceeding to grant the ad hoc creditors committee's Motion for Reconsideration (a motion that raised grounds that were without merit) do not stand to reason.  *See* Adv. Pro. No. 11-10008, Dkt. No. 21.

B

BLTP's motion first addresses two mistakes in the Decision concerning the ICO Global litigation and settlement. The Decision states that BLTP represented Ellipso and MCHI "in a later lawsuit stemming from that transaction [the original ICO stock purchase]," by which the court meant the ICO Global settlement. Decision at 20. However, BLTP explained to the court at the December 7, 2011, hearing that the law firm had no connection to the ICO Global litigation or settlement, and the record of the May 18, 2010 hearing on the application for compensation bears this out.[1]

The Decision also states that MCHI "held a potential claim against the estate based upon the *Sahagan* settlement proceeds having gone to Ellipso." (Decision at 33). Page pointed out in his Amended Motion for Reconsideration (Dkt. No. 1338, at ¶ 10) that MCHI's potential claim against the estate was based upon the ICO Global settlement rather than the Sahagan settlement.

As a result, the Decision will be revised to reflect that MCHI's potential claim was based on the ICO Global settlement - not the Sahagan settlement - and that BLTP had no connection to

---

[1] Page explains in his objection that he "has never alleged movants were Ellipso's attorneys in the ICO litigation but rather that they had a disclosable connection under the code." Page Obj. at third paragraph of ¶ 10.

the ICO Global litigation or settlement.[2]

C

The movants next request a revision of the Decision's discussion of Thomas Patton's failure to testify.  They argue that the court castigated Patton for not showing up at the hearing on BLTP's fee application when instead the court should have rebuked the law firm for not calling Patton as a witness.  The court agrees that it should revise the Decision to make clear that BLTP's counsel erred in failing to recognize the need to have Patton appear and testify at the trial (but the court notes that, as a senior partner, Patton should have been aware of the need for him to testify if the court was to get a full picture.)

The movants also take issue with the adverse inference the court drew from BLTP's failure to call Patton as a witness.  The court will amend the Decision's wording to clarify that the inference to be drawn is that Patton's testimony would have been unfavorable to BLTP.

D

Alternatively, the movants argue that a mistake in the Decision led the court to incorrectly conclude that Patton was a missing witness.  They claim that Rosenberg only asked Patton

---

[2] Even though the court mistakenly believed that BLTP had represented MCHI in the ICO Global litigation, the court did not find that BLTP's representation of MCHI was adverse to the estate.  The correction, therefore, does not disturb the grounds for the court's decision.  *See* Decision at 20.

about Ellipso affiliates "that the firm <u>was</u> representing," and that the Decision correctly recounts this on page 31. (Emphasis added). However, they argue that the Decision later mistakenly maintains that Rosenberg asked Patton about any "<u>prior</u> or ongoing" representations of Ellipso entities. Decision at 35 (emphasis added). They contend that since Patton was only asked about ongoing representations, his testimony would have been cumulative, because BLTP's supplemental disclosure supplied the same information that Patton would have provided regarding Ellipso affiliates that the firm was representing at the time.

    This argument is not supported by the record of the May 18, 2010 hearing. Rosenberg's testimony made plain that Patton was the only attorney at the firm who had represented the Ellipso entities. The testimony also revealed that Patton was aware of the need to disclose all connections to the debtor, not just present connections. Rosenberg testified that the conflicts check includes sending a notice out to all attorneys in the firm telling them to alert the firm if they <u>represented</u> or are representing entities for which the conflicts check is run. According to Rosenberg, no one responded to this notice with respect to Ellipso and its affiliates. Since Patton was informed through this conflicts check system that he needed to disclose prior representations as well as ongoing representations, the Decision accurately recounts that Patton was asked about both.

E

Both Page's objection and Mann and Patterson's objection demonstrate a misunderstanding of BLTP's motion, in that both parties request permission to conduct discovery on Thomas Patton. However, BLTP's motion does not seek to alter the parties' rights or change the outcome of the Decision.  The court is not going to rehash its findings with regard to the applications for compensation by the law firm and its determination remains unchanged.  The remaining objections are also without merit and are denied.

## Conclusion

The motion for amendment will be granted in part.  An amended memorandum decision regarding the applications for approval of compensation follows.

For these reasons, it is

ORDERED that the Motion for Amendment of Memorandum Decision (Dkt. No. 1466) is granted in part, and it is further

ORDERED that the Memorandum Decision Regarding Applications for Approval of Compensation by Counsel for Debtor (Dkt. No. 1265) is amended as set forth above.


[Signed and dated above.]


Copies to: John Page; Robert Patterson; John Mann; recipients of e-notification.

R:\Common\Teel5M\BMC\Decisions\Ellipso\BLTP's Application for Compensation - Motion to Amend\Ellipso Mem Decsn BLTP's Motion to Amend v3.wpd

6