**The document below is hereby signed.**

**Dated: July 25, 2012.**



_____
S. Martin Teel, Jr.
U.S. Bankruptcy Judge

```
               UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )    Case No. 09-00148
ELLIPSAT, INC., formerly       )    (Chapter 11)
known as ELLIPSO, INC.,        )    (Jointly Administered)
                               )
          Debtor.              )    Not for publication in
                               )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION RE DEBTOR'S MOTION FOR A DETERMINATION:
(1) THAT THE COUNTERCLAIMS IN ELLIPSO V. MANN HAVE BEEN
DISCHARGED AS TO ELLIPSO, AND (2) THAT THESE COUNTERCLAIMS MAY
NOT BE ASSERTED AS CLAIMS AGAINST ELLIPSO'S BANKRUPTCY ESTATE

The debtor Ellipsat, Inc. (formerly known as Ellipso, Inc.) has moved:

(1) for a determination confirming that the counterclaims against Ellipso (now known as Ellipsat, Inc.) in *Ellipso v. Mann*, whose dismissal is currently on appeal (No. 08-7119 (D.C. Cir.)), are discharged as against Ellipso, and

(2) for a determination that if the counterclaimants in *Ellipso v. Mann* were to prevail on appeal, they would not be entitled to relief from the decision disallowing the claims underlying their counterclaims as claims against Ellipso's

bankruptcy estate (now Ellipsat, Inc.'s bankruptcy estate). The motion is unopposed.

I

Ellipsat represents that the counterclaimants have argued in the pending appeal that the counterclaims have not been discharged. Ellipsat is entitled to a declaration that the counterclaims *have* been discharged. The debtor's confirmed plan resulted in a discharge of the counterclaims addressed by the motion. The plan expressly provided that:

> Confirmation of the Joint Plan discharges the Debtors from any debt that arose before the Confirmation Date . . . whether or not a Proof of Claim is filed or deemed filed, such Claim is allowed under Section 502 of the Code, or the holder of such Claim has accepted the Joint Plan.

That was the effect of confirmation, in any event, by reason of 11 U.S.C. § 1141(d)(1).

II

I will also grant the unopposed request to declare that if the counterclaimants in *Ellipso v. Mann* were to prevail on appeal, they would not be entitled to relief from the decision disallowing the claims underlying their counterclaims as claims against Ellipsat, Inc.'s bankruptcy estate).

For reasons described in Ellipsat's motion, the counterclaimants have not prosecuted their appeal with diligence, long failing to take steps to advance the appeal towards a final disposition. That, in turn, means that if they prevail in the appeal, and they then file a motion under Fed. R. Bankr. P. 3008

to reconsider the disallowance of the claims that are based on the counterclaims, the filing of that motion will have been similarly long delayed by reason of their inaction in prosecuting the appeal.

That in turn will result in prejudice to other creditors. The confirmed plan provides that after certain other claims are paid:

> Within ninety (90) days after the Effective Date, with appropriate reserves for final adjudication and/or settlement of any Disputed Claims and any Disputed Administrative Expenses of the Trustee, the balance of the escrowed funds will be distributed among the holders of Class 2 and Class 3 Claims.

Accordingly, the delay in filing a Rule 3008 motion would prejudice the holders of Class 2 and Class 3 Claims. The confirmed plan itself recognized the need for expedition in seeking reconsideration of the disallowance of a claim by providing:

> **Objections to, Classification of, and Reconsideration of Allowance or Disallowance of Claims, Interests and Administrative Expenses.** Any objection to, any motion to re-classify, and any motion to reconsider the allowance or disallowance of a Claim, Interest or Administrative Expense, not filed in accordance with the procedure set forth in the Code and Rules prior to the date first set for hearing for Confirmation of this Joint Plan shall be deemed waived . . . .

Although any Rule 3008 motion would have been required to be a conditional motion, seeking reconsideration conditioned on the counterclaimants prevailing on their appeal, they could have filed such a motion. Their failure to do so is symptomatic of

3

their inattentiveness to diligently pursuing their claims. Finally, the prejudice to the counterclaimants in not being allowed to pursue their counterclaims as claims against Ellipsat's bankruptcy estate does not outweigh the foregoing factors that weigh against allowing the counterclaims to be pursued.

For the foregoing reasons, and under the test for addressing a Rule 3008 motion set forth in *In re Yelverton*, 2010 WL 1487850 (Bankr. D.D.C. April 9, 2010), the counterclaimants will not be entitled to relief from the decision disallowing the claims underlying their counterclaims as claims against Ellipsat, Inc.'s bankruptcy estate.

### III

An order follows.

[Signed and dated above.]

Copies to: Recipients of e-notification; John B. Mann; Robert B. Patterson.